RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DEC 0 6 2005

AT 8:30
WILLIAM T. WALSH, CLERK

| IN RE HYPODERMIC PRODUCT DIRECT PURCHASER ANTITRUST LITIGATION | Master Docket No. 05-1602 |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CASE MANAGEMENT ORDER NO. 6

These matters being brought before the Honorable Ronald J. Hedges on November 14, 2005 on letters from counsel for defendant dated October 21, 2005 and November 8, 2005 and counsel for plaintiffs dated November 1, 2005 and November 10, 2005, and the Court having also considered a letter from Thomas L. Long, Esq. to Robert A. Atkins, Esq. dated November 9, 2005, and oral argument on November 14, 2005 and good cause being shown for the making and granting of this order: *and having considered the objections hereto*

IT IS ON THIS _____ DAY OF _Dec_, 2005;

ORDERED as follows:

1. Defendant may communicate with members of the class plaintiffs have proposed in this litigation on matters relating to this action solely for the purposes of securing background information to allow defendant to decide whether to issue a subpoena to that entity, and all such communications between defendant, itself or through its employees, agents, attorneys and/or independent contractors, with members of the proposed class on any matter relating to the litigation shall cease after November 18, 2005. Nothing herein shall be construed to prevent defendant's outside counsel from communicating with counsel for putative class members with respect to any subpoenas served upon such putative class member.

2. On or before November 18, 2005, counsel for defendant shall provide to counsel for plaintiffs a list of all members of the proposed class whom defendant, itself or through its employees, agents, attorneys, and/or independent contractors, has contacted relating to this litigation. The list

1

shall include the name of each individual contacted as well as the name of each of defendant's employees, agents, attorneys, and/or independent contractors involved in the contact(s) and/or communication(s).

3. The phrase "customer contracts" or "contracts between plaintiffs and other customers" used in this Court's Letter Opinion and Order of October 17, 2005 (the "October 17 Opinion") referred solely to the contracts that Plaintiffs were ordered to produce at the September 27, 2005 hearing, which are contracts between plaintiffs and any group purchasing organization ("GPOs") relating to the products at issue in these cases. The phrase "customer contracts" was not intended to, nor did it include, any contract with any other customer.

4. On or before November 22, 2005, to the extent not already produced, plaintiffs shall search for and produce all addenda, schedules and/or other attachments in plaintiffs' possession, if any, to the GPO contracts that plaintiffs have already produced to defendant.

5. Defendant's application to require plaintiffs to produce sales data reflecting plaintiffs' sales to other distributors and wholesalers is denied, this Court having determined in its October 17 Opinion that defendant is not entitled to such downstream discovery.

6. On or before November 22, 2005, plaintiffs shall produce information relating to discounts, rebates, charge-backs that they received in connection with the products at issue in this litigation. If any plaintiff contends that it does not have any of the requested information, it shall provide an affidavit or certification from a principal or employee with knowledge and authority, stating that the data does not exist. If any plaintiff contends that such information can be readily determined from a document or a series of documents previously produced, such plaintiff may arrange for a technical person with knowledge to meet with a technical person on behalf of defendant to explain how and from what documents that information may be determined.

**s/Ronald J. Hedges**
Ronald J. Hedges, U.S.M.J.

## SERVICE LIST

### LOUISIANA WHOLESALE DRUG COMPANY, INC., et als. v.
### BECTON DICKINSON & COMPANY
### Civil Action No.: 05-1602 (JLL)

**Attorneys for Defendants:**

Theodore V. Wells, Jr. (TW-2830)
Moses Silverman (MS-9996)
Robert A. Atkins (RA-9709)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
212.373.3000

Gregory B. Reilly (GR-3657)
Deborah A. Silodor (DS-0414)
LOWENSTEIN SANDLER PC
Attorneys At Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
dsilodor@lowenstein.com
greilly@lowenstein.com

**Attorneys for Plaintiffs:**

Peter S. Pearlman
Cohn Lifland Pearlman Hermann
& Knopf, LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663
psp@njlawfirm.com

Stuart Des Roches
John Gregory Odom
Odom & Des Roches, L.L.P.
Suite 2020, Poydras Center
650 Poydras St.
New Orleans, LA 70130
jodom@odrlaw.com
stuart@odrlaw.com

Eric Cramer
Daniel Berger
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Dberger@bm.net
Ecramer@bm.net

David P. Smith
Percy Smith & Foote, L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309
dpsmith@psfg-law.com

Kendall S. Zystra
Schiffrin & Barroway, LLP
280 King of Prussia Road
Radnor, PA 19087

kzylstra@sbclasslaw.com


Linda P. Nussbaum
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street - 30th Floor
New York, NY 10019-6004
lnussbaum@cmht.com

Alfred G. Yates
Law Office of Afred G. Yates Jr. PC
519 Allegheny Bldg.
429 Forbes Avenue
Pittsburgh, PA 15219
yateslaw@aol.com

Adam Moskowitz, Esq.
Gail A. McQuilkin, Esq.
Kozyak Tropin & ThrockmortonP.A.
280 Wachovia Financial Center
200 South Biscayne Blvd.
Miami, FL 33131-2335
amoskowitz@kttlaw.com
GAM@kttlaw.com

Joshua P. Davis
Law Offices of Joshua P. Davis
437 Valley Street
San Francisco, CA 94131


Noah Silverman
Bruce Gerstein
Garwin Gerstein & Fisher LLP
1501 Broadway
18th Floor, Suite 1416
New York, NY 10036
Bgerstein@garwingerstein.com
Nsilverman@garwingerstein.com