**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCT DIRECT PURCHASER ANTITRUST LITIGATION | MDL No.: 1730<br>Master Docket No.: 05-CV-1602 (JLL) |
| This Document Relates To:<br>*Louisiana Wholesale Drug Co., Inc. v. Becton Dickinson & Co.*, Civil Action No.: 05-CV-1602; *Dik Drug Co. v. Becton Dickinson & Co.*, Civil Action No.: 05-CV-4465 | **MEMORANDUM AND ORDER** |

This matter comes before the Court on defendant Becton Dickinson & Company's (hereinafter "defendant") appeal of the December 6, 2005 Order of the Honorable Magistrate Judge Ronald J. Hedges, U.S.M.J., ordering that, among other things, neither Becton nor its attorneys may communicate with members of the purported class about the litigation after November 18, 2005. Defendant asserts that the Order should be reversed because the court denied defendant a fair opportunity to be heard and relieved plaintiffs of their heavy burden of proof, because defendant is permitted – and has the constitutional right – to discuss the case with potential class members, and because the ban on defendant and its counsel violates the First Amendment. The appeal is resolved without oral argument. Fed. R. Civ. P. 78. For the reasons stated herein, Magistrate Judge Hedges' December 6 Order is vacated and remanded to Magistrate Judge Hedges for proceedings consistent with this Memorandum and Order.

## BACKGROUND FACTS

On Thursday, November 10, 2005, Plaintiffs in the Louisiana Wholesale Drug Co. action (hereinafter "plaintiffs") sent an urgent letter to Magistrate Judge Hedges seeking an Order that would bar defendant from

> continuing to (a) actively discourage members of the class proposed by plaintiffs in this litigation from cooperating with class counsel, (b) arrange meetings between class members and Becton's General Counsel to discuss this litigation outside the presence of class counsel, and (c) seek production of "downstream" documents and data prohibited by this Court in its October 17, 2005 Letter-Opinion and Order ("Downstream Order").

(Rubin Decl. Ex. E).  In this letter, plaintiffs asserted that they had recently learned from an anonymous class member and an attorney for Cardinal Health, Inc. that Becton personnel had been engaging in the above referenced communications with potential class members.  Attached to the letter was a letter from Thomas L. Long, counsel for Cardinal Health, to Robert Atkins, Esq., counsel for defendant, and a declaration from Eric L. Cramer, Esq., counsel for class plaintiffs.[1]

On Monday, November 14, 2005, the parties appeared before Magistrate Judge Hedges for a previously scheduled conference to discuss the plaintiffs' failure to provide certain discovery.  At the outset of the conference, Magistrate Judge Hedges began by addressing the "emergency matter" set forth in the November 10 letter from plaintiffs.  Although plaintiffs' brief in opposition to this appeal asserts that Magistrate Judge Hedges conducted a hearing regarding Becton's contacts with potential class members, the eight pages of the transcript reveal it was more along the lines of oral argument.  While defendant states that it did not submit opposition prior to the conference, as

---

[1]Neither document represented a sworn statement by the individual that received the alleged improper communication from defendant.  Instead, these documents represent a third-party's naration of the events that took place.

November 10, 2005 was a Thursday, and the next day was Veteran's Day, defendant did have an opportunity to address the court at the conference.

Following the conference, plaintiffs prepared a proposed Case Management Order No. 6 and defendant filed a twenty-three page objection thereto.  After considering defendant's objection, Magistrate Judge Hedges entered the proposed Order on December 6, 2005 with only minor modification.  The Order provides:

> Defendant may communicate with members of the class plaintiffs have proposed in this litigation on matters relating to this action solely for the purposes of securing background information to allow defendant to decide whether to issue a subpoena to that entity, and all such communications between defendant, itself or through its employees, agents, attorneys and/or independent contractors, with members of the proposed class on any matter relating to the litigation shall cease after November 18, 2005.  Nothing herein shall be construed to prevent defendant's outside counsel from communicating with counsel for putative class members with respect to any subpoenas served upon such putative class member.

(Case Management Order No. 6 at ¶ 1).

## LEGAL STANDARD

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A).  The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  Therefore, "this Court will review a magistrate judge's findings of fact for clear error."  Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)).  Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Anderson v. Bessemer City, 470 U.S. 564, 573

(1985) (citing <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948)).  The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently.  <u>Bowen v. Parking Auth. of City of Camden</u>, 2002 WL 1754493, *3 (D.N.J. Jul. 30, 2002).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review."  <u>Andrews v. Goodyear Tire & Rubber Co., Inc.</u>, 191 F.R.D. 59, 68 (D.N.J. 2000).

In light of this framework, the Court turns to defendant's appeal of Magistrate Judge Hedges' December 6 Order.

## DISCUSSION

There is no doubt that the December 6 Order is highly restrictive of defendant's conduct in this litigation.  The question before this Court is not whether it is overly restrictive, but whether the lack of an evidentiary hearing may have denied defendant a fair opportunity to be heard and relieved plaintiffs of their burden of proof.  Given this Court's ultimate decision, it need not decide at this time whether the ban on defendant and its counsel violates the First Amendment.

It is well established that "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."  <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 100 (1981); <u>In re Sch. Asbestos Litig.</u>, 842 F.2d 671, 679-80 (3d Cir. 1988).  Rule 23(d) of the Federal Rules of Civil Procedure provides in relevant part:

> In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action . . .; (3) imposing conditions on the representative parties or on intervenors;  . . . [and] (5) dealing with similar procedural matters.

Fed. R. Civ. P. 23(d).

An order pursuant to Fed. R. Civ. P. 23(d) must be based "on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Gulf Oil, 452 U.S. at 101.  Furthermore, any such order must be "carefully drawn . . . [to] limit[] speech as little as possible, consistent with the rights of the parties under the circumstances." Id. at 102.   The limitations on communications must be "the narrowest possible relief which would protect the respective parties." Id. (quoting with approval Coles v. Marsh, 560 F.2d 186, 189 (3d Cir. 1977)).  In re Sch. Asbestos Litig., 842 F.2d at 683, counseled that "an explicit discussion of the likelihood of abuse" is desirable, though not mandatory.

Here, there are allegations that abuse has already occurred, and given that defendant has a business relationship with the putative class members there is the potential for coercion. Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1202 (11th Cir. 1985).  Hence, a Rule 23(d) order may very well be necessary to avoid unsupervised, unilateral communications between defendant and putative class members regarding the subject litigation.  Nevertheless, this Court is guided by the dictates of Gulf Oil and In re Sch. Asbestos Litig., and, based on the present record, there are insufficient findings to support the kind of sweeping order that was entered.[2]  There is no evidence

---

[2]The Court is also not convinced on this record that plaintiffs' proposed modified order, set forth at page 17 of their opposition brief, is appropriate.  Plaintiffs propose that a modified order could contain the following language:

> (1) Barring Becton from engaging in one-sided, *ex parte* oral communications about this litigation with Class Members, and requiring that all of Becton's further communications with proposed Class members relating to this litigation be in writing and reference Class counsel with contact information, and that copies of such communications be provided to Class counsel (and possibly the Court); and
> (2) Requiring Becton to provide to any Class member previously contacted by Becton relating to this litigation, a statement from this Court regarding the

that there is a coercive relationship between the parties and there is nothing more than hearsay evidence that defendant attempted to engage in improper communications with putative class members.  Furthermore, this issue did not arise pursuant to a motion, and the parties did not fully brief or argue the issue.  Any Rule 23(d) order that is entered must be narrowly drawn and based on a demonstrated need for such restriction.

In conclusion, this Court finds that the defendant's inability to properly be heard on this issue, and the lack of an evidentiary hearing, did relieve plaintiffs of their burden of showing a need for such a restrictive order.  Given the foregoing, the December 6 Order is vacated and remanded to Magistrate Judge Hedges for proceedings consistent with this Memorandum and Order.

## CONCLUSION

For the reasons set forth above, it is on this 10th day of April, 2006,

ORDERED that defendant's appeal of Magistrate Judge Hedges' December 6, 2005 Order [Doc. # 55] is GRANTED; and it is further

ORDERED that Magistrate Judge Hedges' Order dated December 6, 2005 is hereby VACATED and REMANDED to Magistrate Judge Hedges for proceedings consistent with this

---

permitted parameters of Becton's communications with proposed Class members relating to this litigation as well as a copy of the Downstream Discovery Order (Doc. No. 37).

It is also unclear what basis Class counsel would have to copies of all correspondence between defendant and putative Class Members since the class has not been certified as of yet. See, e.g., Restatement (Third) of the Law Governing Lawyers, § 99 cmt. l (2000) (noting that "according to the majority of decisions, once the proceeding has been certified as a class action, the members of the class are considered clients of the lawyer for the class; prior to certification, only those class members with whom the lawyer maintains a personal client-lawyer relationship are clients.").

Memorandum and Order.

It is so ordered.

DATED: April 10, 2006                         /s/ Jose L. Linares
                                              JOSE L. LINARES,
                                              UNITED STATES DISTRICT JUDGE