**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | MDL No.: 1730<br>Master Docket No.: 05-CV-1602 (JLL/CCC) |
| This Document Relates To:<br>ALL ACTIONS | **ORDER** |

This matter comes before the Court on Plaintiffs'[1] Appeal[2] of Paragraphs 1, 2 and 3 of Case Management Order No. 22, entered on October 16, 2007 by the Honorable Claire C. Cecchi, U.S.M.J., and it appearing that:

1. On April 25, 2007, motions for partial summary judgment were filed by (a) Plaintiffs, and (b) MedStar.[3] Both motions were premised on the issue of standing under federal antitrust laws. In particular, Plaintiffs and Medstar both argued, respectively, that they are the "direct purchaser" for purposes of federal antitrust standing.

2. In opposing Plaintiffs' motion for partial summary judgment, Defendant Becton Dickinson & Company, and MedStar each filed applications to conduct further discovery, pursuant to Federal Rule of Civil Procedure 56(f), and thus to hold in abeyance the above-referenced motions for partial summary judgment, pending

---

[1] For purposes of the instant appeal, "Plaintiffs" include Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith d/b/a Smith Drug Company, Dik Drug Company, American Sales Company, Inc., Park Surgical Co. Inc. and SAJ Distributors.

[2] Plaintiffs file this appeal pursuant to Local Civil Rule 72.1(c)(1)(A).

[3] For purposes of the instant appeal, "MedStar," a separate category of plaintiffs, includes Medstar Health, Inc., Medstar-Georgetown Medical Center, Inc., Washington Hospital Center Corporation and National Rehabilitation Hospital, Inc.

the completion of such discovery.[4] Both 56(f) applications were opposed by Plaintiffs.

3. After conducting two hearings on this issue, and reviewing the relevant caselaw, Magistrate Judge Cecchi made the discretionary determination[5] that further discovery was warranted. Therefore, she granted both 56(f) applications on October 3, 2007, finding, in relevant part, that the parties had made a "sufficient showing . . . as to the need for discovery. I believe they need discovery to explore the economic substance of the transactions at issue." Tr. (Oct. 3, 2007) at 53:8-11.

4. An Order to that effect was entered as Case Management Order No. 22 on October 16, 2007.

5. On October 31, 2007, Plaintiffs filed an appeal of Paragraphs 1, 2 and 3 of Magistrate Judge Cecchi's October 16, 2007 Order[6] on the basis that such a ruling was clearly erroneous and contrary to law inasmuch as "it appears to imply" that Plaintiffs might lack direct purchaser standing if the "economic substance" of the transaction proves otherwise. (Pl. Br. at 5-6).

6. The Court has reviewed the transcript of the October 3, 2007 hearing, as well as the submissions made by Plaintiffs, MedStar and Defendant, and determines that Magistrate Judge Cecchi did not abuse her discretion in: (a) allowing further discovery on the issue of standing to proceed, and (b) holding in abeyance the above-referenced motions for partial summary judgment, pending completion of

---

4 Both 56(f) applications were filed on May 25, 2007.

5 To the extent that Plaintiffs construe such a determination as legal in nature, rather than an exercise of discretion, this Court disagrees.

6 Paragraphs 1, 2 and 3 provide that: "The Rule 56(f) applications filed by Becton and MedStar are granted to the extent stated on the record. Becton and Medstar shall serve on the Parties the written discovery sought by their Rule 56(f) applications by October 10, 2007. Written responses and objections to such discovery requests shall be served by November 13, 2007. The Parties will thereafter confer on a schedule for the depositions requested in their Rule 56(f) applications. Further briefing on all plaintiff's pending motions for partial summary judgment shall be held in abeyance pending completion of discovery relating to the issue of standing."

such discovery.[7] See, e.g., Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007).

Accordingly, in the interests of judicial economy and the Court's inherent authority to manage this litigation,

**IT IS** on this **27th day of December, 2007,**

**ORDERED** that Plaintiffs' appeal [CM/ECF Docket Entry No. 219] of Paragraphs 1, 2 and 3 of Magistrate Judge Cecchi's October 16, 2007 Case Management Order is **DENIED**, and the decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

[7] See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").