UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | Master Docket No. 05-1602 |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CASE MANAGEMENT ORDER NO. 24

THIS MATTER coming on before the Honorable Claire C. Cecchi on March 6, 2008; and the Court having read and considered those submissions made by counsel for all parties (collectively, the "Parties") and heard and considered counsels' arguments; and good cause having been shown;

IT IS on this 18th day of March 2008

ORDERED as follows:

1. The Distributor Plaintiffs' application to require the Parties to attempt to stipulate to facts before the Parties are required to respond to the pending discovery requests served on October 10, 2007 and October 15, 2007 pursuant to Rule 56(f) (collectively, the "Rule 56(f) Discovery Requests") is denied.

2. Per the joint proposal set forth in the Parties' February 25, 2008 letter to the Court, the schedule for responding to Rule 56(f) Discovery Requests, and for resolving any related disputes, shall be as follows:

    (a) The Parties' written responses to the document requests served by Plaintiff MedStar and Defendant Becton Dickinson & Company ("Becton") on October 10, 2007 are due on March 21, 2008;

(b)     The Parties' written responses to the interrogatories served by Plaintiff MedStar on October 10, 2007 and the requests for admission and related discovery requests served by the Distributor Plaintiffs on October 15, 2007 shall be due on March 27, 2008;

(c)     The Parties shall produce documents in response to the Rule 56(f) Discovery Requests, to which no objection is made, on a rolling basis, and shall complete such production by May 20, 2008; and

(d)     The Parties shall have 10 days after written responses to Rule 56(f) Discovery Requests are served to attempt to resolve any objections to such Requests. If any objection is not resolved within those 10 days, a motion to compel a response shall be brought within 7 days after that time. Production of documents that are the subject of any such motion shall be completed within 30-75 days, as determined by the Magistrate Judge, from the date on which a ruling on such objections is rendered. All briefing on any motions brought pursuant to this Paragraph shall comply with the provisions of Paragraph 7 of CMO 22.

3.     The Healthcare Plaintiffs' motion to compel pre-2001 discovery dated August 27, 2007 is withdrawn without prejudice, subject to the following agreement among the Healthcare Plaintiffs and Becton:

(a)     Becton shall produce, to the extent such data exists, transactional sales and rebate data from January 1, 1993 to January 1, 2000;

(b)     Becton shall produce the GPO contracts entered into by Becton on or after January 1, 1993 to the present;

(c)     This agreement is without prejudice to the Healthcare Plaintiffs' right to request specific additional contracts, representing substantial sales; and

(d) Becton and the Healthcare Plaintiffs will discuss the production of business documents dated before January 1, 2001 for discovery related to IV catheters and blood collection tubes and before May 1, 2004 for discovery related to hypodermic needles and syringes, blood collection devices, including blood collection holders and their associated needles, and insulin devices, in response to specific merits requests.

4. The Healthcare Plaintiffs' motion to compel Becton to comply with CMO 16 with respect to Becton's response to Interrogatory No. 11 is denied.

5. The Distributor Plaintiffs shall seek to obtain and produce documents relating to *In re Lorazepam & Clorazepate Antitrust Litigation*, as set forth in Becton's letters to the Distributor Plaintiffs of June 11, 2007 and July 12, 2007, and as requested by Becton's Rule 56(f) Document Request No. 23. To the extent Plaintiff Dik Drug does not itself have copies of the documents, Dik Drug will request such documents from its counsel in *Lorazepam*.

6. The Distributor Plaintiffs shall produce no later than May 20, 2008, the documents Becton identified in its July 12, 2007 letter to Noah Silverman as not produced in the Distributor Plaintiffs' prior document productions.

7. The Parties shall next appear before the Court on June 9, 2008 at 11:00 a.m. By June 4, 2008, the Parties shall submit a joint letter to the Court identifying any discovery issues to be raised at the June 9, 2008 conference.

*s/Claire C. Cecchi*

Claire C. Cecchi, U.S.M.J.