UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | Master Docket No. 05-1602 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## CASE MANAGEMENT ORDER NO. 25

THIS MATTER coming before the Honorable Claire C. Cecchi on June 9, 2008; and the Court having read and considered those submissions made by counsel for all parties (collectively, the "Parties") and heard and considered counsels' arguments concerning Defendant Becton Dickinson & Company's ("Becton's") and Plaintiff MedStar's ("MedStar's") Motions to Compel the Distributor Plaintiffs to respond to Becton's and MedStar's Rule 56(f) Requests for the Production of Documents relating to standing dated October 10, 2007 (collectively, the "Rule 56(f) Document Requests") and the Distributor Plaintiffs' Motions to Compel Becton and MedStar to respond to their Requests for Admission served on October 15, 2007 (the "RFAs"); and good cause having been shown;

IT IS on this 31 day of July 2008

ORDERED as follows:

**Becton's and MedStar's Motions**

1. Becton's Motions to Compel the Distributor Plaintiffs to comply with their Rule 56(f) Document Requests are granted as follows and to the extent stated on the record:

    (a) To the extent any such documents exist and have not been previously produced, the Distributor Plaintiffs shall produce all documents responsive to Request No. 4;

(b) To the extent any such documents exist and have not been previously produced, the Distributor Plaintiffs shall produce all documents responsive to Request No. 5;

(c) To the extent any such documents exist and have not been previously produced, the Distributor Plaintiffs shall produce all documents responsive to Request No. 6;

(d) To the extent any such documents exist and have not been previously produced the Distributor Plaintiffs shall produce all documents responsive to Request No. 7;

(e) The Distributor Plaintiffs shall produce all documents responsive to Request No. 9;

(f) The Distributor Plaintiffs shall produce all documents responsive to Request No. 10, including raw data on a transaction-level basis;

(g) The Distributor Plaintiffs shall respond to Becton's Rule 56(f) Document Request No. 15 by providing an unredacted financial statement from each Distributor Plaintiff from any year from 2001 to the present. Such documents may be viewed by outside counsel and experts only, notwithstanding any other provision of any protective order in place in this case;

(h) The Distributor Plaintiffs shall produce all documents responsive to Request No. 22; and

**Becton's and MedStar's Version:**

(i) Dik Drug shall continue to seek to obtain and produce documents relating to *In re Lorazepam & Clorazepate Antitrust Litigation*, as set forth in Becton's letters to the Distributor Plaintiffs of June 11, 2007 and July 12, 2007, and as requested by Becton's Rule 56(f) Document Request No. 23. To the extent Plaintiff Dik Drug does not itself have copies of the documents, it will request such documents from plaintiffs' counsel in *Lorazepam*. To the extent it is necessary to seek relief from any protective orders before such documents can be produced, Dik Drug will make any necessary applications. (As previously ordered in CMO 24, ¶5)

**Distributor Plaintiffs' Version:**

(i) ~~Dik Drug~~ shall continue to seek to obtain and produce ~~from~~ prior counsel for Dik Drug ~~the deposition~~ transcript of ~~Gary Prester~~, interrogatory responses of Dik Drug, ~~expert reports~~, and any other document in which Dik Drug took ~~a position~~ regarding its Clayton ~~Act standing~~ in the *In re Lorazepam & Clorazepate Antitrust Litigation*. To the extent ~~it is~~

2

~~necessary to seek relief from any protective~~ orders before such documents ~~can be produced, Dik Drug will make~~ any necessary applications.

2. MedStar's Motions to Compel the Distributor Plaintiffs to comply with their Rule 56(f) Document Requests are granted as follows:

(a) The Distributor Plaintiffs shall produce all documents responsive to Request No. 1, including contracting manuals, pricing manuals, price lists, price catalogs, pricing guidelines and policies concerning disposable hypodermic products, and including, without limitation, electronically stored information;

(b) To the extent any such documents exist and have not been previously produced, the Distributor Plaintiffs shall produce all documents responsive to Request No. 3;

(c) To the extent any documents exist, the Distributor Plaintiffs shall respond to Request No. 5 by producing documents sufficient to describe Plaintiffs' processes for preparing and issuing invoices and/or purchase orders to end-users or Becton for the acquisition, delivery or sale of disposable hypodermic products;

(d) To the extent any documents exist, the Distributor Plaintiffs shall respond to Request No. 6 by producing documents sufficient to identify all of the payment terms and practices between Becton, Distributors and/or end-users regarding the acquisition, delivery or sale of disposable hypodermic products, including, but not limited to, the credit terms that apply to the acquisition, delivery or sale of disposable hypodermic products;

(e) The Distributor Plaintiffs shall respond to Request Nos. 17-20 by producing periodic records of Plaintiffs' accounts receivable and accounts payable related to disposable hypodermic products and, the Distributor Plaintiffs will meet and confer regarding the interpretation of such records. MedStar and the Distributor Plaintiffs shall confer and agree on the interval of time the reports are to cover (*i.e.*, daily, monthly). Documents produced in response to Request Nos. 17-20 shall be labeled Confidential, Attorneys' and Experts' Eyes Only pursuant to the protective orders in place in this case; and

(f) The Distributor Plaintiffs shall respond to Request No. 21 by producing documents sufficient to identify all auditing or accounting firms or entities retained or used in connection with the acquisition, delivery, or sale of disposable hypodermic products during the relevant time period. No subpoenas to these auditing or accounting firms may be issued until further order of the Court.

3. With respect to the above-listed Requests and all other Rule 56(f) Document Requests, Becton's and MedStar's Motions to Compel the Distributor Plaintiffs to produce all documents and data responsive to the Requests that have previously been withheld on the basis of any objection to the production of "downstream discovery" are granted.

4. To the full extent documents and data are required to be produced by any other Distributor Plaintiff, (1) Becton's Motion to Compel Plaintiffs American Sales Company and SAJ Distributors; and (2) Becton's and MedStar's Motions to Compel Plaintiff Louisiana Wholesale Drug Company to produce all documents and data responsive to the Rule 56(f) Document Requests are granted.

5. With respect to the above-listed Requests and all other Rule 56(f) Document Requests, Becton's and MedStar's Motions to Compel the Distributor Plaintiffs to produce all documents and data responsive to the Requests regarding sales to customers that are not governed by a Group Purchasing Organization ("GPO") or other contract with Becton ("non-contract sales") are granted.

6. At this time, the Distributor Plaintiffs are not required to produce documents responsive to the Rule 56(f) Document Requests that pertain solely to products manufactured by Becton's competitors. Becton may renew its request for such documents after reviewing other documents provided pursuant to Rule 56(f) discovery.

7. The Distributor Plaintiffs shall provide a more specific answer to MedStar's Rule 56(f) Interrogatory No. 11 setting forth their specific obligations for fulfilling orders placed pursuant to a contract with Becton.

8.      The Distributor Plaintiffs shall begin a rolling production of the documents ordered to be produced by this Case Management Order by June 30, 2008 and shall complete the production of all such documents by August 11, 2008.

**The Distributor Plaintiffs' Motion**

9.      With respect to the Distributor Plaintiffs' Motion under Fed. R. Civ. P. 36(a), the Distributor Plaintiffs are directed to review Becton and MedStar's responses to the Requests for Admission and accompanying Interrogatory according to the Court's guidance at the June 9, 2008 hearing and to then meet and confer with Becton and/or MedStar if the Distributor Plaintiffs wish to seek any additional responses. The Rule 36(a) motion is otherwise held in abeyance.

_____
Claire C. Cecchi, U.S.M.J.