UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | Master Docket No. 05-1602 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**STIPULATION AND [PROPOSED] THIRD PARTY CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(e) and upon Stipulation by the parties to the Action (the "parties") and non-party UltiMed, Inc. ("UltiMed"), and it appearing to the Court that such an order is necessary and for good cause shown,

**IT IS HEREBY ORDERED** that:

I.  **The following definitions shall apply to the Order:**

   A. This Order shall apply to "Material," i.e., documents produced pursuant to the September 23, 2008 subpoena for the production of documents Defendant Becton Dickinson and Company ("Becton") served on non-party UltiMed in the above-captioned action.

   B. This Order shall apply to: (1) the Parties to this action; (2) counsel of record for the Parties (excluding in-house counsel), members of their firm, associate attorneys, and paralegal, clerical, and other regular employees of counsel of record; (3) officers of the court, including court reporters, jurors, and court personnel; (4) consultants and other experts reasonably necessary for the preparation and trial of the case; (5) any person who is necessary for the prosecution or defense of the case and who agrees in writing to be bound by the terms of this Order; and (6) UltiMed.

   C. "Confidential Material" shall be any Material UltiMed has designated as Confidential.

   D. "Attorneys' Eyes Only Material" shall be any material UltiMed has designated as Attorneys' Eyes Only.

   E. "Counsel Letter(s)" shall be any documents (*e.g.*, e-mails, letters…) containing correspondence or communications between counsel for UltiMed and counsel

for Becton in relation to this action or the action *UltiMed, Inc. v. Becton Dickinson and Company*, No. 06-2266 (D. Minn.).

F.  Counsel Letters have not been previously marked by UltiMed with a confidentiality designation. To the extent a Counsel Letter mentions or reflects any Attorneys' Eyes Only Material, although not marked with a designation, such Counsel Letter shall be designated as Attorneys' Eyes Only and shall be subject to the restrictions described in Section III of this Order. All other Counsel Letters, although not marked with a designation, shall be designated as Confidential Material and shall be subject to the restrictions described in Section II of this Order. The designation of "Confidential Material" may be removed from a Counsel Letter upon agreement in writing between the Parties and UltiMed.

**II.  Confidential Material shall be subject to the following restrictions:**

A.  Confidential Material shall be used only for the preparation and trial of this action (including appeals) and for no other purpose, and shall not be given or disclosed to anyone except those specified in subparagraph II.B.

B.  Confidential Material may be disclosed only to:

(1)  Counsel of record for the Parties in this action members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel of record;

(2)  Current or former officers, directors, and employee representatives for each of the Parties, as reasonably necessary to provide assistance for the preparation and trial of this action;

(3)  The Court, court personnel, and court reporters;

(4)  Consultants or experts reasonably necessary for the preparation and trial of the case;

(5)  Deposition or trial witnesses; and

(6)  Any other person to whom the Designator and the Parties agree in writing.

C.  All submissions to the Court which incorporate or disclose Confidential Material shall be filed with the Court under seal in accordance with the Civil Electronic Case Filing Procedures for the District of New Jersey.

D.  Designation as "Confidential" shall not preclude UltiMed from giving or disclosing the Material to any Person for any reason.

2

**III.  Attorneys' Eyes Only Material shall be subject to the following restrictions:**

A. "Attorneys' Eyes Only Material" shall be used only for the preparation and trial of this action (including appeals) and for no other purpose and shall not be given or disclosed to anyone except those specified in subparagraph III.B.

B. Attorneys' Eyes Only Material may be disclosed only to:

(1) Counsel of record for the Parties in this action (excluding in-house counsel), members of their firms, associate attorneys, paralegal, clerical, and other regular employees of counsel of record;

(2) The Court, court personnel, and court reporters;

(3) Non-party consultants or experts reasonably necessary for the preparation and trial of the case;

(4) Deposition or trial witnesses who are or were employed by the company that authored the Attorneys' Eyes Only Material or that previously had access to the Attorneys' Eyes Only Material, or individuals otherwise authorized to view Attorneys' Eyes Only materials pursuant to this section; and

(5) Any other person to whom UltiMed and the Parties agree in writing.

C. All submissions to the Court which incorporate or disclose Attorneys' Eyes Only Material shall be filed with the Court under seal in accordance with the Civil Electronic Case Filing Procedures for the District of New Jersey.

D. The designation of Materials as "Attorneys' Eyes Only" shall not preclude UltiMed from giving or disclosing the Material to any Person for any reason.

E. Any Party may seek leave of Court to disclose Attorneys' Eyes Only Material to current or former officers, directors, or employee representatives of a Party. UltiMed must be provided prior notice that the Party is seeking leave of Court, and an opportunity to be heard by the Court.

**IV.  Approval for Access to Confidential Material**

A. Each Person to be given access to Confidential Material or Attorneys' Eyes Only Material pursuant to this Order (except those to whom disclosure has been made pursuant to subparagraphs II.B.(1) and (3) and subparagraphs III.B.(1) and (2)) shall be provided with a copy of this Order and shall be told that: (1) the Confidential Material or Attorneys' Eyes Only Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms of this Order; and (2) that the violation of the terms of the Order may subject the Person to punishment for contempt of a Court Order.

      **B.**    Any Person given access to Confidential Material or Attorneys' Eyes Only Material (except those to whom disclosure has been made pursuant to subparagraphs II.B.(1) and (3) and subparagraphs III.B.(1) and (2)) must first read the Confidentiality and Protective Order, and must agree in writing, in the form attached as Exhibit A, to be bound by this Order and to be subject to the jurisdiction of this Court for enforcement of this Order. An executed copy of the agreement shall be retained by counsel giving access to the Confidential Material or Attorneys' Eyes Only Material.

      **C.**    If Confidential Material or Attorneys' Eyes Only Material is to be disclosed during a deposition, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objection may also be made orally. Pending resolution of objections, no disclosure of Confidential Material or Attorneys' Eyes Only Material may be made.

      **V.**    Nothing in this Order shall bar or otherwise prevent any attorney from rendering advice to his or her client or relying on his or her examination or knowledge of Attorneys' Eyes Only Material, except that in rendering advice and in communicating with his or her client, the attorney shall not disclose the contents of any Attorneys' Eyes Only Material, to any person not authorized to receive it under the terms of this Order.

      **VI.**    If a Party inadvertently discloses any Confidential Material or Attorneys' Eyes Only Material, that Party shall in writing promptly inform the receiving person of the designation. The receiving person shall treat the information as Confidential Material or Attorneys' Eyes Only Material under this Order. If protected information has been disclosed to a person other than an authorized person, the Party shall inform the Designator and make every reasonable effort to retrieve the information and avoid any further disclosure to non-authorized persons. If a Party inadvertently discloses any material that is privileged for any reason, such inadvertent disclosure will not constitute waiver of the privilege, and the receiving party will return any such inadvertently produced materials, and all copies thereof, upon request by the inadvertently producing party.

      **VII.**    This Order shall survive and continue to be binding after the conclusion of this action and the action *UltiMed, Inc. v. Becton Dickinson and Company*, No. 06-2266 (D. Minn.). This Court shall retain jurisdiction to enforce this Order.

      **VIII.**    Within sixty (60) days following the conclusion of this action, including any appeals, all Material designated as, or reflecting, Confidential Material or Attorneys' Eyes Only Material and all copies of them, including all copies furnished to persons identified in Paragraphs II and III shall be returned by counsel for the receiving Party to counsel for UltiMed or alternatively be destroyed with a certificate provided from the attorney of record certifying destruction. Notwithstanding the foregoing, each counsel of record may retain its copies of pleadings or other Court-filed papers, discovery responses or other attorney-work product containing Confidential Material or Attorneys' Eyes Only Material.

      **IX.**    Each Party and person bound by this Order may move for modification of this Order for good cause on notice in writing to the Parties. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

**X.** Any Party or person bound by this Order which seeks publicly to disclose or file with the Court any Confidential Material or Attorneys' Eyes Only Material shall give UltiMed prior notice and an opportunity to be heard by the Court before making such disclosure.

The parties and UltiMed, by and through counsel, stipulate that the Court may enter this Order in the form presented.

DORSEY & WHITNEY LLP

By: *Greg Weyandt /FRB*
Greg Weyandt #0116324
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
weyandt.greg@dorsey.com

*Counsel for UltiMed, Inc.*

GARWIN, GERSTEIN & FISHER LLP

By: *Noah Silverman /FRB*
Noah Silverman
1501 Broadway, Suite 1416
New York, NY 10036
Telephone: (212) 398-0055
nsilverman@garwingerstein.com

*Counsel for Plaintiffs Louisiana Wholesale Drug Company, Inc.; Rochester Drug Co-operative, Inc.; J M Smith d/b/a Smith Drug Company; Dik Drug Company; American Sales Company, Inc.; Park Surgical Co., Inc.; and SAJ Distributors, Inc.*

AKIN, GUMP, STRAUSS, HAUER & FELD

By: *Laurence Macon* /FRB
R. Laurence Macon
300 Convent Street
Suite 1500
San Antonio, TX 78205-3732
(210) 281-7222
lmacon@akingump.com

*Counsel for Plaintiffs MedStar Health, Inc.; MedStar-Georgetown Medical Center, Inc.; Washington Hospital Center Corp.; National Rehabilitation Hospital, Inc.; Jabo's Pharmacy, Inc.; Drug Mart Tallman, Inc.; and Hebrew Home for the Aged at Riverdale*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: *Robert A. Atkins* /FRB
Robert A. Atkins
Jacqueline P. Rubin
Farrah R. Berse
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
ratkins@paulweiss.com

*Counsel for Defendant Becton Dickinson and Company*

Dated: March 6, 2009

SO ORDERED:
s/Claire C. Cecchi
_____
Claire C. Cecchi, U.S.M.J.
DATED: MARCH 9, 2009

Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | Master Docket No. 05-1602 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## AGREEMENT TO PROTECT
## CONFIDENTIAL INFORMATION

1. I have been requested by counsel for [Plaintiff] [Defendant] to assist counsel with certain material which I have been informed is "Confidential" or "Attorneys' Eyes Only" within the terms of the Confidentiality and Protective Order issued by the court in the above-entitled action.

2. I have read the Confidentiality and Protective Order dated _____ entered in this action. I am familiar with the provisions of the Confidentiality and Protective Order and agree to abide by them. I agree not to disclose any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and not to use such information other than in assisting counsel in this action.

3. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality and Protective Order against me in this action and understand that I may be found in contempt of Court if I violate this Agreement.

4. I understand and agree that my obligations under this Agreement and the Confidentiality and Protective Order will survive and continue beyond the termination of this action.

_____

_____
(Printed Name)

STATE OF _____ )
                                   ) ss.
COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this _____ day of _____, 200\_\_\_\_, by _____.

                                                      _____
                                                      Notary Public
                                                      My Commission Expires: