PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K GARRISON    (1946-1991)
RANDOLPH E PAUL    (1946-1956)
SIMON H RIFKIND    (1950-1995)
LOUIS S WEISS      (1927-1950)
JOHN F WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3183

WRITER'S DIRECT FACSIMILE

(212) 373-2225

WRITER'S DIRECT E-MAIL ADDRESS

ratkins@paulweiss.com

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2 2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011 JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81 3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300
FACSIMILE (852) 2840-4300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

MATTHEW W ABBOTT
MARK H ALCOTT
ALLAN J ARFFA
ROBERT A ATKINS
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
HENK BRANDS
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
JAMES M DUBIN
ANDREW J EHRLICH
LESLIE GORDON FAGEN
MARC FALCONE
PETER L FELCHER
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
JOYCE S HUANG
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER

DAVID K AKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
JULIA TARVER MASON
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
TOBY S MYERSON
JOHN E NATHAN
CATHERINE NYARADY
ALEX YOUNG K OH
JOHN J O'NEIL
KELLEY D PARKER
ROBERT P PARKER*
MARC E PERLMUTTER
MARK F POMERANTZ
VALERIE E RADWANER
CAREY R RAMOS
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
PETER J ROTHENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
JUDITH R THOYER
DANIEL J TOAL
MARK A UNDERBERG
LIZA M VELAZQUEZ
MARIA T VULLO
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

September 14, 2009

*By E-mail and ECF*

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
50 Walnut Street, Room 2042
Newark, NJ 07102-0999

In re Hypodermic Products Antitrust Litigation,
No. 05-CV-1602 (JLL) (CCC)

Dear Judge Cecchi:

    BD submits this letter in anticipation of the September 15, 2008 status conference, to set forth BD's view as to the current status of settlement and related issues.

1.  **The Proposed Settlement With the Distributor Plaintiffs**

    As the Court is aware, BD and the Distributor Plaintiffs have reached a settlement of all the federal antitrust claims in this case, subject to the Court's approval. The Distributor Plaintiffs intend to file a motion in the near future seeking preliminary approval of the settlement. The settlement is conditioned on, *inter alia*, a determination by the Court that the Distributor Plaintiffs are the parties with "direct purchaser" standing to bring such claims, and that the Healthcare Plaintiffs do not have such standing. That, as the Court well knows, is the same standing issue that both groups of plaintiffs have sought to resolve by their still-pending (and competing) motions for partial summary judgment.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Honorable Claire C. Cecchi                                                                     2

2. **The Rule 56(f) Discovery and Partial Summary Judgment Motions**

The parties will have substantially completed the Rule 56(f) discovery relevant to the standing motions by the time of the Court conference. The BD 30(b)(6) witness is being deposed today, and eight other party depositions and two expert depositions have already been completed. The remaining depositions are those of a former employee of one of the distributor plaintiffs, which is the subject of a motion to quash filed by the former employee in the Western District of New York, and the depositions of two additional non-parties (a distributor and an accounting firm).

We anticipate that the depositions will be completed by mid-October.

The parties have discussed but not reached a final agreement on briefing the partial summary judgment motions upon the completion of the standing discovery. It appears that everyone agrees that such briefing should commence a reasonable time, such as 30 days, after the completion of the discovery. The disagreement between the parties is on the sequence of briefing.

It is BD's (and the Distributor Plaintiffs') view that briefing should commence with the filing of renewed motions by the moving parties. We understand that the Healthcare Plaintiffs contend that the next papers filed should be responses to the motion papers filed on April 25, 2007, years ago and before any discovery was taken. That does not make sense to us.

Given that the Healthcare Plaintiffs are likely to make substantial use of the deposition and documentary record, we should not have to file an opposition to their original – and now stale – motion, and then wait for their reply brief to see the arguments they are now making based on the discovery they have conducted. In that event, we'll either have no chance to respond to their arguments or be permitted to file a sur-reply. That seems to be awfully inefficient and wasteful.

Moreover, Local Civil Rule 56.1 was amended after the original summary judgment motions here were filed, and it now requires the filing of statements of undisputed facts in separate enumerated paragraphs. The statement filed by the Healthcare Plaintiffs in support of their original motion is not compliant with the new rule.

Accordingly, we propose the following schedule for the briefing of the partial summary judgment motions:

(1) Renewed Partial Summary Motions, and Supporting Papers -- due 30 days after the completion of the outstanding discovery.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Claire C. Cecchi     3

        (2)    Opposition Papers – due 60 days after the completion of the outstanding discovery.

        (3)    Reply Papers – due 80 days after the completion of the outstanding discovery.

3.    **Pending Discovery/Procedural Motions**

There are two pending motions before the Court (other than the partial summary judgment motions).

First, the Healthcare Plaintiffs have filed a motion to quash a subpoena served by the Distributor Plaintiffs seeking documents from the Healthcare Plaintiffs' experts. BD is not a party to this motion, but we believe it has been fully briefed and is ripe for disposition.

Second, the Healthcare Plaintiffs have filed a motion for an injunction under the All Writs Act, seeking to enjoin the settlement between BD and the Distributor Plaintiffs. The passage of time since the filing of that motion – more than four months – demonstrates why it is so meritless. Even if there were grounds for some extraordinary relief – and there are none – there is no need to "enjoin" a settlement which already requires Court approval to go into effect. And both the terms of the settlement and the summary judgment briefing schedule proposed above make certain that the standing issues will be adjudicated. The motion should be denied.

The Distributor Plaintiffs have authorized us to state that they join in this letter.

Respectfully submitted,

*Robert A. Atkins/FKB*

Robert A. Atkins

cc:    All Plaintiffs' Counsel