# EXHIBIT M

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION : | Master Docket No. 05-cv-1602 (JLL/CCC) |
| THIS DOCUMENT RELATES TO : | |
| ALL DIRECT PURCHASER ACTIONS : | MDL Docket No. 1730 |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement Agreement" or the "Settlement") is made and entered into as of this 27 day of April, 2009 by and among Defendant Becton, Dickinson and Company ("BD"), Plaintiffs Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith Corporation d/b/a Smith Drug Company, American Sales Company, Inc., SAJ Distributors, Inc., Dik Drug Company, and Park Surgical Co., Inc. (the "Direct Purchaser Plaintiffs"), and the Direct Purchaser Class (as defined below) in the Direct Purchaser Class Action *Louisiana Wholesale Drug Co., Inc.* v. *Becton Dickinson and Company*, D.N.J. Case No. 05-CV-1602 (the "Direct Purchaser Class Action") which was consolidated under *In re Hypodermic Products Antitrust Litig.*, Case No. 05-CV-1602 (JLL), MDL Docket No. 1730.

WHEREAS, the Direct Purchaser Plaintiffs have alleged, among other things, that BD's contracting practices violated the Sherman Act and Clayton Act, and caused the Direct Purchaser Plaintiffs and members of the proposed Direct Purchaser Class to incur damages;

WHEREAS, BD denies each and every one of the Direct Purchaser Plaintiffs' allegations of unlawful conduct and has asserted a number of defenses to the Direct Purchaser Plaintiffs' claims;

WHEREAS, the Direct Purchaser Plaintiffs and BD agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by BD or of the truth of any of the claims or allegations alleged in the Direct Purchaser Class Action;

WHEREAS, arm's-length settlement negotiations have taken place between counsel for the Direct Purchaser Plaintiffs and BD, and this Settlement Agreement, including its exhibits, which sets forth all of the terms and conditions of the Settlement between BD and the Direct Purchaser Plaintiffs, on behalf of the Direct Purchaser Class, has been reached, subject to the preliminary and final approval of the Court;

WHEREAS, the Direct Purchaser Plaintiffs' counsel have concluded, after extensive discovery and investigation of the facts and after carefully considering the circumstances of the Direct Purchaser Class Action and the applicable law, and after extensive mediation, that it would be in the best interests of the Direct Purchaser Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly in a complex litigation such as this, and to assure a benefit to the Direct Purchaser Class and further, that the Direct Purchaser Plaintiffs' counsel consider the settlement set forth herein to be fair, reasonable, and adequate and in the best interests of the Direct Purchaser Class;

WHEREAS, BD has concluded, despite the belief of BD that it is not liable for the claims asserted and has good defenses thereto, that it will enter into this Settlement

2

Agreement solely to avoid the further expense, inconvenience and burden of this protracted litigation, and the distraction and diversion of its personnel and resources, and thereby to put to rest this controversy, and to avoid the risks inherent in uncertain complex litigation;

WHEREAS, each of Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith Corporation d/b/a Smith Drug Company, Dik Drug Company, and Park Surgical Co., Inc. has filed a motion for partial summary judgment under Fed. R. Civ. P. 56 on the issue of standing to seek damages as direct purchasers under Section 4 of the Clayton Act and each of Plaintiffs MedStar Health, Inc., MedStar-Georgetown Medical Center, Inc., Washington Hospital Center Corporation and National Rehabilitation Hospital, Inc. (collectively, "Medstar") has filed a motion for partial summary judgment under Fed. R. Civ. P. 56 on the issue of standing to seek damages as direct purchasers under Section 4 of the Clayton Act (both motions hereinafter the "Summary Judgment Motions");

WHEREAS, pursuant to Case Management Order No. 10, the Direct Purchaser Plaintiffs and Medstar will be bound in full by any decisions, orders, opinions or judgments of the Court relating to the issue of standing;

WHEREAS, BD has concluded based on its understanding of the facts and the relevant case law that (a) the Direct Purchaser Plaintiffs and the Direct Purchaser Class members (as defined herein) are direct purchasers with standing under Section 4 of the Clayton Act, and (b) that MedStar Health, Inc., MedStar-Georgetown Medical Center, Inc., Washington Hospital Center Corporation, National Rehabilitation Hospital, Inc., and the Hebrew Home for the Aged at Riverdale ("Hebrew Home") are not direct purchasers

3

with standing under Section 4 of the Clayton Act to seek damages for any BD Hypodermic Products they purchased from a distributor or other intermediary;

WHEREAS, resolution of the issue of standing is necessary to effectuate the Settlement contained herein;

WHEREAS, Medstar and Hebrew Home will be provided notice and the opportunity to appear and be heard in any proceeding in *In re Hypodermic Products Antitrust Litig.* seeking a ruling that the Direct Purchaser Plaintiffs and the Direct Purchaser Class (as defined herein) have standing to sue for damages as direct purchasers;

WHEREAS, BD and the Direct Purchaser Plaintiffs desire to settle all of their claims based on the conduct alleged in the Second Consolidated Amended Class Action Complaint in this matter, subject to the terms and conditions set forth below; and

WHEREAS, BD and the Direct Purchaser Plaintiffs have each had the full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of the Settlement Agreement and have not relied upon any representations (or the lack thereof) made by the other concerning the circumstances leading to this agreement, not set forth in the Settlement Agreement itself; and

NOW THEREFORE, it is agreed by and among the undersigned, on behalf of BD and the Direct Purchaser Plaintiffs, that the Direct Purchaser Class Action and all claims of the Direct Purchaser Class (as defined below) be settled, compromised and dismissed on the merits and with prejudice and, except as hereinafter provided, without costs as to the Direct Purchaser Plaintiffs or BD, subject to the approval of the Court, on the following terms and conditions:

4

1.    **Class Certification.** The Direct Purchaser Plaintiffs shall seek Court approval of the certification of a class, in light of the proposed settlement (the "Direct Purchaser Class"), defined as follows:

> All persons or entities (and assignees of claims from such persons and entities) who (1) purchased BD Hypodermic Products in the United States from BD at any time during the period of March 23, 2001 through the date of this Settlement Agreement (the "Class Period"), and (2) were invoiced by BD for said purchases. The Direct Purchaser Class excludes BD, BD's parents, subsidiaries and affiliates, and United States Government Entities and those persons or entities who are permitted by the Court to opt out of the Direct Purchaser Class.

For purposes of this Settlement Agreement, "BD Hypodermic Products" are products sold by BD in the following device categories: (a) safety and conventional hypodermic needles and syringes; (b) safety and conventional blood collection devices, inclusive of needles, blood collection tubes and tube holders; (c) safety and conventional IV catheters, including winged IV catheters; and (d) safety and conventional insulin delivery devices.

Persons or entities who purchased BD Hypodermic Products in the United States from BD during the Class Period and were invoiced by BD for said purchases are entities who appear in the "bill to" or "sold to" fields of BD's electronic sales data for those purchases ("Class Purchases").

BD will not contest the Direct Purchaser Plaintiffs' efforts to seek Court approval of the Direct Purchaser Class. The parties' stipulation to Court approval of certification of the Direct Purchaser Class is only for purposes of effectuating this Settlement, and for no other purpose. The parties retain all of their respective objections, arguments and/or

defenses with respect to class certification in the event that there is no settlement of the Direct Purchaser Class Action. If this Settlement Agreement does not become final pursuant to the terms of paragraph 7 hereof, the stipulation as to this Direct Purchaser Class shall be and become null and void.

2. **Direct Purchaser Standing**. BD and the Direct Purchaser Plaintiffs will jointly move the Court to make the following findings, either in connection with preliminary approval of this settlement or by such other procedure the Court considers fair and proper: (i) each of the Direct Purchaser Plaintiffs has Direct Purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for all BD Hypodermic Products they purchased from BD; (ii) Medstar and Hebrew Home are not direct purchasers with standing to assert damage claims against BD under Section 4 of the Clayton Act for any BD Hypodermic Products they purchased from or through a distributor or other intermediary, and (iii) only those purchasers of BD Hypodermic Products who purchased those products from BD and were invoiced by BD for those products have direct purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act with respect to Class Purchases. This Settlement Agreement is expressly conditioned on these findings being made by the Court in all material respects and on such findings being included in the Court's orders granting preliminary and final approval of the settlement.

3. **Reasonable Best Efforts to Effectuate This Settlement**. Undersigned Counsel agree to recommend approval of this Settlement Agreement by the Court and to undertake their reasonable best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or

6

appropriate, by order of the Court or otherwise, to carry out the terms of this Settlement Agreement.

4.   **Motion for Preliminary Approval**.  Following execution of this Settlement Agreement, the Direct Purchaser Plaintiffs shall file with the Court a motion and proposed Order certifying the "Direct Purchaser Class" for purposes of the Settlement Agreement and preliminarily approving this Settlement Agreement.  The motion for preliminary approval shall request the entry of a preliminary approval order substantially in the form of Exhibit A hereto (the "Preliminary Approval Order"), that includes the following provisions:  (i) the findings referenced in paragraph 2 hereof regarding the standing of Direct Purchaser Plaintiffs unless made in some other order as the Court directs, (ii) approving the Settlement set forth in this Settlement Agreement is fair, reasonable and adequate and in the best interests of the Direct Purchaser Class, and within a range that responsible and experienced attorneys could accept considering all relevant risks and factors of litigation; (iii) certification of the Direct Purchaser Class as defined herein in light of settlement; (iv) approval of an escrow agreement regarding the Settlement consideration described in paragraph 8 hereto; (v) approval of the notice; and (vi) a schedule for a hearing by the Court after the notice period has expired to approve the Settlement and to consider the Direct Purchaser Plaintiffs' counsel's applications for attorneys' fees and expenses and incentive awards as set forth in this Settlement Agreement.  In the event that the Court preliminarily approves the Settlement, the Direct Purchaser Plaintiffs shall, in accord with the Preliminary Approval Order, provide Direct Purchaser Class members with notice of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure substantially in the form attached hereto as Exhibit B.  The

7

Direct Purchaser Plaintiffs' counsel will recommend notice to the Direct Purchaser Class by means of (i) direct mail and (ii) publication in an industry trade journal.

5.   **Settlement Purposes Only.**  Any certification of a Direct Purchaser Class pursuant to the terms of this Settlement Agreement shall not constitute and shall not be construed as an admission on the part of BD or any Released Party (as defined in paragraph 13 hereof) that this action, or any other proposed or certified class action, is appropriate for class treatment pursuant to Fed. R. Civ. P. 23 or any similar class action statute or rule.  This Settlement Agreement is without prejudice to the rights of BD or any Released Party to (a) challenge any request for class certification in this Class Action should the Settlement Agreement not be approved or implemented for any reason or (b) oppose any request for class certification or certification in any other proposed or certified class action to which it is a party.

6.   **Motion for Final Approval and Entry of Final Judgment.**  If the Court preliminarily approves this Settlement Agreement, the parties shall submit a motion for final approval of this Settlement Agreement by the Court, after appropriate notice to the Direct Purchaser Class, and shall seek entry of an order and final judgment substantially in the form annexed hereto as Exhibit C:

    a.    reflecting the findings referenced in paragraph 2 hereof regarding the standing of Direct Purchaser Plaintiffs;

    b.    certifying the Direct Purchaser Class for purposes of the Settlement Agreement;

    c.    finally approving this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement as to the Direct Purchaser Plaintiffs and the Direct Purchaser Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

8

d.  directing that the Direct Purchaser Class Action be dismissed with prejudice and, except as provided for herein, without costs;

e.  reserving exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of this settlement;

f.  determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal shall be final and appealable; and

g.  ordering dismissal with prejudice against the Direct Purchaser Plaintiffs and the members of the Direct Purchaser Class who have not timely excluded themselves from the Direct Purchaser Class Action.

If this Settlement Agreement is finally approved by the Court in its current form, or in a form not materially different therefrom, BD agrees not to take any appeal from entry of judgment. Final Approval of the Settlement Agreement shall not be contingent upon the Court making any particular award of attorneys' fees and expenses to Direct Purchaser Plaintiffs' counsel, or the Court making any of the findings set forth in paragraph 13 of Exhibit C.

7.  **Finality of Settlement**. This Settlement Agreement shall become final upon the occurrence of all of the following:

a.  neither BD nor the Direct Purchaser Class has availed itself of their respective rights to cancel and terminate the Settlement Agreement pursuant to paragraphs 16 and 17;

b.  BD has not availed itself of its right to cancel and terminate the Settlement Agreement pursuant to paragraph 18;

c.  it is approved by the Court as required by Rule 23(e) of the Federal Rules of Civil procedure;

d.  entry, as provided for in paragraph 6, is made of the final judgment of dismissal with prejudice against the Direct Purchaser Plaintiffs and all Direct Purchaser Class members who have not timely excluded themselves from the Direct Purchaser Class Action;

9

e.    the time for appeal from the Court's approval of this Settlement Agreement as described in 7.c and entry of a final judgment as described in 7.d. has expired or, if appealed, approval of this Settlement Agreement and the final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review; and

f.    the time for appeal from any order of the Court making the findings regarding standing identified in paragraph 2 hereof has expired, or, if appealed, the order making such findings has been affirmed in all material respects by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

8.    **Settlement Consideration: Cash**. Subject to the provisions hereof, and in full, complete and final settlement of the Direct Purchaser Class Action, BD shall pay within ten (10) business days after entry of a Preliminary Approval Order forty-five million dollars ($45,000,000) into an escrow account (the "Settlement Fund"), held and administered by an independent escrow agent to be agreed upon by the Direct Purchaser Plaintiffs' Lead Counsel (as defined in paragraph 12 hereof) and counsel for BD. The escrow account shall be established and administered pursuant to an escrow agreement in a form satisfactory to the parties. It is intended that the escrow account be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. § 1.46B and that any taxes due as a result of income earned by the Settlement Fund will be paid from the Settlement Fund. Upon finality of the Settlement, interest earned by the Settlement Fund shall be for the benefit of the Direct Purchaser Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved award to the Direct Purchaser Plaintiffs for acting as Direct Purchaser Class representatives, and payment of any and all administrative and notice expenses associated with this litigation or Settlement.

10

9.      **Full Satisfaction: Limitation of Interest and Liability**.  Members of the Direct Purchaser Plaintiff Class who have not timely excluded themselves from the Direct Purchaser Class Action shall look solely to the Settlement Fund for settlement and satisfaction against BD of all claims that are released hereunder.

10.      **Reimbursement of Costs, Fees and Expenses**.  The Direct Purchaser Plaintiffs and their counsel will be reimbursed and indemnified solely out of the Settlement Fund for expenses relating to the costs of notice of this settlement to Direct Purchaser Class members and administration of the Settlement Fund.  BD shall not be liable for any costs, fees or expenses of any member of the Direct Purchaser Class or the Direct Purchaser Plaintiffs, or of the Direct Purchaser Class's or the Direct Purchaser Plaintiffs' attorneys, experts, consultants, advisors, agents or representatives.  Any such costs, fees and expenses as approved by the Court shall be paid out of the Settlement Fund.

11.      **Use of Settlement Fund**.  If this Settlement Agreement becomes final pursuant to its terms, the Direct Purchaser Plaintiffs may seek to use the Settlement Fund to pay expenses incurred for the prosecution of this action.  In addition, if this Settlement Agreement becomes final pursuant to its terms, disbursements for the costs and expenses of Direct Purchaser Plaintiff Class notice, distribution and administration of the Settlement Fund, together with other reasonable expenses awarded by the Court, shall be made from the Settlement Fund.  BD will not oppose such use or disbursements of the settlement proceeds.  If this Settlement Agreement does not become final, costs of notice up to a maximum of $10,000 will be deducted from the Settlement Fund prior to return of the Settlement Fund, plus any interest earned thereon, to BD.

11

12.   **Attorneys' Fees, Expenses and Costs.** Direct Purchaser Class counsel intend to seek, solely from the Settlement Fund, attorneys' fees plus the reimbursement of reasonable costs and expenses incurred in the prosecution of this action plus interest thereon, and incentive awards to be paid to Direct Purchaser Plaintiffs. BD agrees to take no position with respect to the application by Class counsel for the attorneys' fees, expense payments and incentive awards set forth above. Any attorneys' fees, costs and expenses awarded by the Court shall be disbursed only to Garwin Gerstein & Fisher LLP ("Direct Purchaser Plaintiffs' Lead Counsel") for allocation among the various Direct Purchaser Class counsel which have participated in this litigation. Garwin Gerstein & Fisher LLP shall allocate any incentive awards awarded by the Court among the various Direct Purchaser Plaintiffs which have participated in this litigation. BD agrees, subject to any order of the Court, that Class counsel will be paid any Court-approved attorneys' fees and expenses and any Court-approved incentive award within five (5) business days after this Settlement becomes final pursuant to paragraph 7 of this Settlement Agreement. Any attorneys' fees, expenses, costs and incentive awards approved by the Court shall be payable solely out of the Settlement Fund, and the Direct Purchaser Plaintiffs, members of the Direct Purchaser Class, and their respective counsel shall not seek payment of any attorneys' fees, expenses, costs or incentive awards from any source other than the Settlement Fund. The Released Parties (as defined in paragraph 13 hereof) shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees, expenses, costs or incentive awards, any allocation of attorneys' fees, expenses, costs or incentive awards among Direct Purchaser Class counsel and/or plaintiffs, nor with respect

12

to any allocation of attorneys' fees, expenses, costs or incentive awards to any other person or entity who may assert any claim thereto.

13. **Releases**. Upon this Settlement Agreement becoming final in accordance with its terms, the Direct Purchaser Plaintiffs and each member of the Direct Purchaser Class shall release and forever discharge BD and its present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") from any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, known or unknown, fixed or contingent, in law or in equity, (i) arising under 15 U.S.C. §§ 1, 2 and 14 concerning the sale by BD of BD Hypodermic Products to the Direct Purchaser Class members for Class Purchases from the beginning of time through the date of this Settlement Agreement, or (ii) that have been or could have been asserted by the Direct Purchaser Plaintiffs or any member of the Direct Purchaser Class either in the Direct Purchaser Class Action in this Court or in any other action or proceeding in this Court or any other court or forum arising out of, or based upon, the conduct alleged in the Second Consolidated Amended Class Action Complaint, filed May 10, 2006 (the "Complaint") or in any other complaint or pleading filed in this action, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation for Class Purchases, or (iii) arising from or related in any way to the administration, allocation, or distribution of the Settlement Fund (collectively, the "Released Claims"). Upon this Settlement Agreement becoming final in accordance with its terms, each member of the Direct Purchaser Class will be deemed

13

to have covenanted and agreed that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims.

14.   **Additional Waiver.** In addition to the provisions of paragraph 13 of this Settlement Agreement, the Direct Purchaser Class members hereby expressly waive and release, upon this Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which states:

> Section 1542. Certain Claims Not Affected by General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Direct Purchaser Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of paragraph 13 or 14 of this Settlement Agreement, but each Direct Purchaser Class member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim as provided in paragraph 13 of this Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15.   **Reservation of Claims.** The Direct Purchaser Class members intend by this Settlement Agreement to settle with and release only the Released Parties that such Direct Purchaser Class members have released pursuant to paragraph 13, and the parties do not intend this Settlement Agreement, any part hereof or any other aspect of the

14

proposed Settlement or release, to release or otherwise affect in any way any rights a Direct Purchaser Class member has or may have with respect to products other than BD Hypodermic Products, or against any other party or entity whatsoever other than the Released Parties pursuant to paragraph 13. Furthermore, the parties do not intend by this Settlement Agreement to settle and release any claims Direct Purchaser Class members may have other than the Released Claims. For example, by way of illustration only, the Direct Purchaser Class members do not intend to settle and release any claims that arise in the ordinary course of business between Direct Purchaser Class members and BD concerning product liability, breach of warranty, breach of contract (other than breach of contract based in whole or in part on any conduct challenged by any plaintiff in this action), personal or bodily injury, or any claim of any sort that does not relate to BD Hypodermic Products. In addition, the parties do not intend by this Settlement Agreement to settle and release indirect claims the Direct Purchaser Class members may have relating to purchases of BD Hypodermic Products from parties other than BD (and invoiced by persons or entities other than BD) and asserted under laws other than the federal antitrust laws (i.e., indirect claims).

16. **Effect of Court Action**. If the Court declines to finally approve this Settlement Agreement, or if such approval is set aside on appeal, or if the Court does not enter the final judgment in substantially the form provided for in paragraph 6, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed; or if the terms of this Settlement Agreement are materially changed except by mutual consent of the parties, then this Settlement Agreement may be cancelled and terminated, and shall become null and void upon the election of BD or the

15

Direct Purchaser Plaintiffs' Lead Counsel.  A modification or reversal on appeal of any amount of the Direct Purchaser Plaintiffs' counsels' expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such final judgment, nor shall it allow cancellation of this Settlement Agreement.

17.   **Effect of Court Order Modifying Direct Purchaser Class or Findings on Standing**.  If (i) the Court fails to make the findings regarding standing identified in paragraph 2 hereof, or if (ii) the Direct Purchaser Class, as certified by the Court for purposes of the Settlement Agreement, is different from the Direct Purchaser Class specified in this Settlement Agreement, or if (iii) the findings regarding either standing referred to paragraph 2 hereof or the Direct Purchaser Class as certified by the Court for purposes of this Settlement Agreement, are materially modified or altered by or following a decision by the United States Court of Appeals for the Third Circuit or the United States Supreme Court, then this Settlement Agreement may be cancelled and terminated at either party's option, to be exercised by giving written notice to counsel for the other party no later than thirty (30) calendar days following entry of the Court order that amends or modifies the findings regarding standing of the Direct Purchaser Class.

18.   **BD Right of Withdrawal**.  If the percentage of the aggregate Class Purchases in dollars of BD Hypodermic Products of Direct Purchaser Class members who request exclusion from this Settlement Agreement or who are otherwise permitted by the Court to opt out from the Direct Purchaser Class exceeds the percentage identified in the confidential letter agreement of April 27, 2009, this Settlement Agreement may be cancelled and terminated at BD's option.  For purposes of this paragraph, the percentage

16

shall be calculated by using as the numerator the amount of Class Purchases in dollars made by the entities that appear in the "bill to" or "sold to" fields of BD's electronic sales data during the Class Period of BD Hypodermic Products as reflected in BD's electronic sales data to purchasers who have requested exclusion from the Direct Purchaser Class or who have otherwise been permitted by the Court to opt out from the Direct Purchaser Class, and using as the denominator the total amount of Class Purchases in dollars made by the entities who appear in the "bill to" or "sold to" fields of BD's electronic sales data during the Class Period of BD Hypodermic Products as reflected in BD's electronic sales data to all purchasers of BD Hypodermic Products during the Class Period. In order to allow BD a reasonable opportunity to exercise its option to cancel and terminate under this paragraph, the Direct Purchaser Plaintiffs' Lead Counsel shall promptly notify BD's Counsel in writing upon the receipt of any request for exclusion and shall provide BD's Counsel with copies of any such requests. BD shall exercise its option to cancel and terminate by giving written notice to the Direct Purchaser Plaintiffs' Lead Counsel no later than twenty (20) calendar days following the close of the period during which Direct Purchaser Class members can request exclusion from this Settlement Agreement or twenty (20) calendar days following the date of any Court order permitting any additional opt-outs from the Direct Purchaser Class, whichever is later.

19.   **Effect of Settlement Agreement Not Becoming Final**. In the event that this Settlement Agreement does not became final in accordance with its terms, then this Settlement Agreement shall be of no force or effect, and BD shall be entitled to the return of the amount held in the Settlement Fund less Settlement Fund administration and notice fees and costs incurred up to the limit provided in paragraph 11 hereto. The parties

17

hereto agree that this Settlement Agreement, whether or not it shall become final, and any

and all negotiations, documents and discussions associated with it shall be without

prejudice to the rights of any party, shall not be deemed or construed to be an admission

or evidence of any violation of any statute or law or any liability or wrongdoing by BD or

an acknowledgement of defenses by the Direct Purchaser Plaintiffs, or the truth of any of

the claims or allegations contained in the Complaint or any other pleading or the standing

of any party to assert claims against BD or defenses against the Direct Purchaser

Plaintiffs, and evidence thereof shall not be discoverable or used directly or indirectly, by

any party or any third party, in any way, whether in the Direct Purchaser Class Action or

in any other action or proceeding.  The parties expressly reserve all of their rights if the

settlement does not become final in accordance with the terms of this Settlement

Agreement.

      20.    **Binding Effect**.  This Settlement Agreement shall be binding upon, and

inure to the benefit of, the successors and assigns of the parties hereto and to the Released

Parties.  Without limiting the generality of the foregoing, each and every covenant and

agreement herein by the Direct Purchaser Plaintiffs and its counsel shall be binding upon

all members of the Direct Purchaser Plaintiff Class, and their respective successors and

assigns.

      21.    **Integrated Agreement**.  This Settlement Agreement contains an entire,

complete, and integrated statement of each and every term and provision agreed to by and

among the parties.  This Settlement Agreement shall not be modified in any respect

except by a writing executed by all the parties.

18

22.   **Headings**.  The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

23.   **No Party is the Drafter**.  None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

24.   **Choice of Law**.  All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of New Jersey without regard to its choice of law or conflict of laws principles.

25.   **Consent to Jurisdiction**.  BD and each member of the Direct Purchaser Plaintiff Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the District of New Jersey, for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.

26.   **No Admission**.  BD has denied, and continues to deny, any wrongdoing or legal liability arising from any of the facts or conduct alleged in this Direct Purchaser Class Action and related actions.  Direct Purchaser Plaintiffs do not concede the validity or applicability of any BD defenses or that BD does not have any legal liability arising from any of the facts or conduct alleged in this Direct Purchaser Class Action.  Neither this Settlement Agreement nor any other settlement-related document is an admission that any claim which was brought or could have been brought against BD does or does not have any merit, and neither shall be construed as an admission by BD or Direct

19

Purchaser Plaintiffs, or used against BD or Direct Purchaser Plaintiffs, in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, an admission that BD has engaged in any conduct or practices that violate any antitrust statute or other law.

27.    **Confidentiality**.  Until this Settlement Agreement is presented to the Court, neither BD nor the Direct Purchaser Plaintiffs nor any counsel or other agent for or representative of the Direct Purchaser Plaintiffs or the Direct Purchaser Class will make or cause to be made any public statement or comment regarding this Settlement Agreement without the prior written consent of the other party; provided that contemporaneous with or after BD has made public disclosures, the Direct Purchaser Plaintiffs may also make public announcements.  In the event that no prior public announcements are made, all terms of this Settlement Agreement, and the confidential letter agreement of April 27, 2009, (collectively, the "Settlement Documents") are to be treated as confidential and not disclosed to anyone except as agreed in writing by the parties, until the Settlement Agreement is presented to the Court.  Notwithstanding the above, BD and Direct Purchasers Plaintiffs and the Direct Purchaser Class shall be entitled to make such disclosures of the Settlement Documents as it, in its discretion, shall determine are appropriate under the securities laws.  No confidentiality obligation prevents BD from asserting any release.

28.    **Intended Beneficiaries**.  Nothing in this Settlement Agreement shall be deemed to confer any rights or benefits, or impose any obligations, on any person other

than the members of the Direct Purchaser Plaintiff Class and the Released Parties and
their counsel.

29.   **Execution in Counterparts**.  This agreement may be executed in
counterparts.  Facsimile signatures shall be considered as valid signatures, as of this date,
although the original signature pages shall thereafter be appended to this agreement and
filed with the Court.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized
representatives, have agreed to this Settlement Agreement on this date.


_____
Robert Atkins, Esq.
Counsel for Becton, Dickinson and Company
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP



_____
Bruce E. Gerstein, Esq.
Direct Purchaser Plaintiffs' Lead Counsel
GARWIN GERSTEIN & FISHER LLP

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION** | **Master Docket No. 05-cv-1602 (JLL/CCC)** |
| **THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS** | **MDL Docket No. 1730** |

## (PROPOSED) ORDER PRELIMINARILY APPROVING DIRECT PURCHASER CLASS'S PROPOSED SETTLEMENT, AUTHORIZING NOTICE TO THE CLASS, AND SETTING FINAL SETTLEMENT SCHEDULE AND HEARING

Upon review and consideration of the Settlement Agreement between Plaintiffs Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith Corporation d/b/a Smith Drug Company, American Sales Company, Inc., SAJ Distributors, Inc., Dik Drug Company, and Park Surgical Co., Inc. (the "Direct Purchaser Plaintiffs") and Defendant Becton, Dickinson and Company, Inc. ("BD"), dated April 27, 2009 ("Settlement Agreement"), Direct Purchaser Plaintiffs and BD's Joint Motion for Preliminary Approval of Proposed Settlement with BD, for Approval of Form of Notice, and to Set the Final Settlement Schedule and Hearing (collectively, the "Settlement Documents"), IT IS HEREBY **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over this case, *In re Hypodermic Products Direct Purchaser Antitrust Litig.*, Master Docket No. 05-cv-1602 ("Action"), and each of the Direct Purchaser Class members (as defined in paragraph 4 below) for all matters relating to this Action, the Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement and this Order.

2

2. The Court finds the proposed Settlement with BD, as set forth in the Settlement Agreement, and subject to a final determination following a hearing after notice to the Class ("Class Notice"), is sufficiently fair, reasonable, and adequate, and in the best interest of the members of the Class, and within a range that responsible and experienced attorneys could accept considering all relevant risks and factors of litigation.

3. The Court finds (i) each of the Direct Purchaser Plaintiffs has Direct Purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for all BD Hypodermic Products it purchased from BD; (ii) MedStar Health, Inc., MedStar-Georgetown Medical Center, Inc., Washington Hospital Center Corporation, National Rehabilitation Hospital, Inc., and the Hebrew Home for the Aged at Riverdale do not have Direct Purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for any BD Hypodermic Products any of them purchased from or through a distributor or other intermediary, and (iii) only those purchasers of BD Hypodermic Products who purchased those products from BD and were invoiced by BD for those products have Direct Purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act with respect to Class Purchases, as defined in paragraph 4 below.

4. The proposed settlement is on behalf of:

> All persons or entities (and assignees of claims from such persons and entities) who (1) purchased BD Hypodermic Products in the United States from BD at any time during the period of March 23, 2001 through the date of this Settlement Agreement (the "Class Period"), and (2) were invoiced by BD for said purchases. The Direct Purchaser Class excludes BD, BD's parents, subsidiaries and affiliates, and United States Government Entities and those persons or entities who are permitted by the Court to opt out of the Direct Purchaser Class ("Direct Purchaser Plaintiff Class" or "Class").

For the purposes of the Settlement, "BD Hypodermic Products" are defined as products sold by BD in the following device categories:

3

(a) safety and conventional hypodermic needles and syringes;

(b) safety and conventional blood collection devices, inclusive of needles, blood collection tubes and tube holders;

(c) safety and conventional IV catheters, including winged IV catheters;

(d) safety and conventional insulin delivery devices.

Persons or entities who purchased BD Hypodermic Products in the United States from BD during the Class Period and were invoiced by BD for said purchases are entities who appear in the "bill to" or "sold to" fields of BD's electronic sales data for those purchases ("Class Purchases").

5.  The Court is satisfied that proposed the Direct Purchaser Plaintiff Class have met the requirements of Fed. R. Civ. P. 23.  Specifically, the Court finds that (a) there are approximately 2,000 members of the Direct Purchaser Class, who are geographically dispersed throughout the United States, and while Direct Purchaser Class members are readily identifiable from information contained in BD's electronic sales data, joinder of all Direct Purchaser Class members is impractical; (b) Direct Purchaser Plaintiffs' claims are typical of the claims of the members of the Direct Purchaser Class because all Direct Purchaser Class members purchased BD Hypodermic Products directly from BD and were invoiced by, and paid, BD for those purchases; (c) Direct Purchaser Plaintiffs have fairly and adequately protected the interests of Direct Purchaser Class members, Direct Purchaser Plaintiffs' interests are coincident with, and not antagonistic to, the interests of other Direct Purchaser Class members, and Direct Purchaser Class Counsel have demonstrated the requisite experience and competence to prosecute this antitrust class litigation; and (d) class action treatment is a superior method for the fair and efficient adjudication of this controversy.  Furthermore, while the parties have agreed that the Settlement Agreement does not constitute any admission of liability or waiver of any defenses, there are questions of law and fact common to the Direct Purchaser Class, and they predominate

4

over any questions affecting only individual Direct Purchaser Class members.  In light of this Court's findings and the proposed settlement, the proposed Direct Purchaser Class is hereby **CERTIFIED**.

6.  Under Fed. R. Civ. P. 23(g), the law firm of Garwin Gerstein & Fisher LLP is hereby appointed Direct Purchaser Class Counsel ("Direct Purchaser Class Counsel").

7.  Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement, which includes a cash payment of forty-five million dollars ($45,000,000.00) by BD into an escrow account for the benefit of the Direct Purchaser Plaintiffs and the Class ("Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and certain releases of claims by Direct Purchaser Plaintiffs and the Direct Purchaser Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after four years of litigation, falls within the range of possible approvable settlements, and is hereby **PRELIMINARILY APPROVED**, subject to further consideration at the Fairness Hearing provided for below.

8.  The proposed form of Notice to Direct Purchaser Class Members of the proposed Settlement ("Settlement Notice"), and the proposed method of dissemination thereof (direct mail and publication in an industry trade publication) satisfy the requirements of Rule 23(c) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are **APPROVED**.

    a.  As part of the Settlement Notice, potential class members shall be afforded the opportunity to opt-out of the class.  A potential class member wishing to exclude itself from the class may notify Direct Purchaser Class counsel by letter by _____, 2009.

    b.  Direct Purchaser Class Counsel shall cause the Settlement Notice substantially in the form attached as Exhibit B to the Settlement Agreement to be disseminated no later than ___ days following the entry of this Order via first class mail to the last

known address of each entity that purchased BD Hypodermic Products directly from BD during the Class Period.

c.  Direct Purchaser Class Counsel may retain a claims administration and processing firm (the "Claims Administrator") to assist in disseminating the Settlement Notice to the Direct Purchaser Class.  All expenses incurred by such administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

d.  Direct Purchaser Class Counsel shall provide the Claims Administrator with a list of Direct Purchaser Class members extracted from the electronic sales data produced by BD in discovery in this litigation.  Entities that appear in the "bill to" or "sold to" fields of BD's electronic sales data were invoiced by BD for the purchase of BD Hypodermic Products, were obligated to, and did, pay BD for the BD Hypodermic Products they purchased.

e.  In addition, for added certainty, a Summary Notice shall be published in _____, a medical device industry publication with substantial circulation among Direct Purchaser Class members (who are mainly medical device wholesalers and retailers).  Direct Purchaser Class Counsel shall cause the Summary Notice to be published in the _____ edition of _____.

f.  The Claims Administrator must establish a post office box where Direct Purchaser Class members can send requests for exclusion or other correspondence relating to the Notice.  Once the Claims Administrator mails the Notice, it shall check the post office box regularly and send Direct Purchaser Class Counsel any correspondence that has been received.  Should any Notices be "returned-to-sender," the Claims Administrator shall take reasonable steps to obtain a better address and re-mail the Notice.

g.  The Claims Administrator shall maintain data relating to the mailing of the Notice, including the names, addresses, dates, etc.  The database shall also record all notices returned to sender and identify what steps were taken to obtain better addresses and re-mail the notices.  The Claims Administrator shall keep track of any and all requests for exclusion.  On or before _____, 2009, Direct Purchaser Plaintiffs shall file a notice with the Court (a) identifying those entities requesting exclusion from the suit, if any, and (b) informing the Court about the status of the mailed notice program.

9.  A hearing on final approval (the "Fairness Hearing") shall be held before this Court on

_____, 2009, at _____ m. Eastern time, in the courtroom assigned to

the Honorable Jose L. Linares, U.S.D.J., at the United States District Court for the District of

6

New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund among Direct Purchaser Class members; (c) whether the Court should approve awards of attorneys' fees and expenses to Direct Purchaser Class Counsel; (d) whether incentive awards should be awarded to the named Direct Purchaser Plaintiffs; and (e) whether entry of a final judgment terminating this litigation should be entered. The Fairness hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Direct Purchaser Plaintiffs' counsel shall be responsible for communicating any such notice promptly to the Direct Purchaser Class by posting conspicuous notice on its web site.

10. All briefs and materials in support of the fee petition by Direct Purchaser Class Counsel and any application for incentive awards for the named Direct Purchaser Plaintiffs, shall be filed with the Court no later than _____, 2009 (*i.e.* _____days following the mailing of Settlement Notice to the Class).

11. Class members who wish to object or otherwise be heard with respect to the proposed Settlement, and to appear in person at the Fairness Hearing and must first send a Notice of Intention to Appear and a Summary Statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, with copies to the following counsel:

7

On behalf of Direct Purchaser Class Counsel, Direct Purchaser Plaintiffs and the Direct Purchaser Class:

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036

On behalf of Defendant, BD:

> Moses Silverman, Esq.
> Robert Atkins, Esq.
> PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP
> 1285 Avenue of the Americas
> New York, NY 10019

To be valid, any such Notice of Intention to Appear and Summary Statement must be received no later than _____, 2009, which date is _____ days following mailing of Settlement Notice to the Direct Purchaser Class. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file a Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

12. All proceedings in the Action, other than proceedings pursuant to the Settlement, shall be stayed pending the Fairness Hearing, and all Direct Purchaser Class Members shall be enjoined from commencing any other action based upon any of the claims at issue in the above-captioned action.

13. In the event that Settlement does not become final, then, subject to approval of the Court, litigation of the Direct Purchaser Class Action will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

8

14. If the Court does not grant final approval of the Settlement or the Settlement is terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.

15. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by BD as to the validity of any claim that has been or could have been asserted against BD or as to any liability by BD as to any matter set forth in this Order, nor shall the Settlement Agreement be used or referred to in any subsequent motion for class certification made by any party to this Action.

**SO ORDERED this ___ day of _____, 2009**

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

9

# EXHIBIT B

In re Hypodermic Products Direct Purchaser
Antitrust Litigation
**[Administrator Address]**

Name of Recipient
Address
Barcode

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

# NOTICE OF PROPOSED SETTLEMENT OF
# CLASS ACTION, DIRECT PURCHASER PLAINTIFFS' COUNSEL'S
# MOTION FOR ATTORNEYS' FEES,
# AND HEARING REGARDING SETTLEMENT

YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS SETTLEMENT
IF YOU PURCHASED AT LEAST ONE HYPODERMIC PRODUCT DIRECTLY FROM
BECTON DICKINSON AND COMPANY BETWEEN MARCH 23, 2001 AND APRIL 27, 2009

*A federal court authorized this notice.  It is not a solicitation from a lawyer.*

- In *In re Hypodermic Products Direct Purchaser Antitrust Litigation,* Master Docket No. 05-cv-1602 (JLL/CCC) (D.N.J.), Direct Purchasers of Hypodermic Products sued Becton Dickinson and Company ("BD" or "Defendant"), saying that BD violated antitrust laws relating to the sale of BD Hypodermic Products.

  BD Hypodermic Products are products sold by BD in the following device categories:
  a) safety and conventional hypodermic needles and syringes;
  b) safety and conventional blood collection devices, including needles, blood collection tubes, and tube holders;
  c) safety and conventional IV catheters, including winged IV catheters;
  d) safety and conventional insulin delivery devices.

- This Court has allowed the lawsuit to be brought as a class action on behalf of:

  All persons or entities (and assignees of claims from such persons and entities) who (1) purchased BD Hypodermic Products in the United States from BD at any time during the period of March 23, 2001 through April 27, 2009 (the "Class Period"), and (2) were invoiced by BD for said purchases (the "Direct Purchaser Class").

  The Direct Purchaser Class excludes BD, BD's parents, subsidiaries and affiliates, and United States Government Entities and those persons or entities who are permitted by the Court to opt out of the Direct Purchaser Class.

Persons or entities who purchased BD Hypodermic Products in the United States from BD during the Class Period and were invoiced by BD for said purchases are entities who appear in the "bill to" or "sold to" fields of BD's electronic sales data for those purchases ("Class Purchases").

- This Court has preliminarily approved a proposed settlement of the Lawsuit (the "Settlement") between BD and the Direct Purchaser Class. The Settlement will provide for payment of $45,000,000.00 (forty-five million dollars) into an escrow account (the "Settlement Fund"), will also provide for allocation of the net Settlement Fund to the members of the Direct Purchaser Class, compensation of Direct Purchaser Plaintiffs' counsel for expenses and attorneys' fees out of the Settlement Fund, and incentive awards to named Direct Purchaser Plaintiffs out of the Settlement Fund, as approved by the Court.

- The Court has scheduled a hearing on final approval of the Settlement, the plan for allocating the Settlement Fund to members of the Direct Purchaser Class (summarized in question 8 below), and Direct Purchaser Plaintiffs' counsel's request for reimbursement of costs and for attorneys' fees and incentive awards to named Direct Purchaser Plaintiffs out of the Settlement Fund. The hearing, before United States District Court Judge Jose L. Linares, has been scheduled for _____, 2009 at _____ __.m., at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5D, Newark, NJ 07101.

- This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Settlement Agreement, dated April 27, 2009 (the "Settlement Agreement"). A complete copy of the Settlement Agreement is available through any of the methods listed in response to Question No. 21 below.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A CLASS MEMBER TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **YOU CAN DO NOTHING.**<br><br>**NO ACTION IS NECESSARY NOW TO RECEIVE PAYMENT.** | If the Settlement is approved by the Court and you are a Direct Purchaser Class Member, you will not need to do anything right now to receive a payment. In a few months, a claim form will be mailed to all members of the Direct Purchaser Class setting out each Direct Purchaser Class Member's recovery from the Settlement Fund. The portion, if any, of the Settlement Fund to be allocated to you will be calculated on a *pro rata* basis based on your Class Purchases of BD Hypodermic Products during the Class Period as part of the implementation of the Settlement. To receive your share, you will need to sign and return the claim form as |

- 2 -

| | directed. |
|---|---|
| **EXCLUDE YOURSELF FROM THE LAWSUIT.** | Give up the right to share in the Settlement of this lawsuit (*i.e.* "opt-out" of the Settlement). You will not be bound by any decision in this lawsuit favorable to Defendant. This is the only option that allows you to ever be part of any lawsuit (other than this lawsuit) against BD relating to the legal claims in this case. |
| **STAY IN THE LAWSUIT BUT OBJECT TO THE SETTLEMENT.** | If you wish to stay in this class action lawsuit and keep the right to share in the Settlement, but object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you do not approve of the Settlement. |
| **GO TO A HEARING.** | If you have submitted a written objection to the Settlement, you may (but do not have to) attend the Court hearing about the Settlement and present your objection to the Court. You may attend the hearing even if you do not file a written objection, but you will only be allowed to speak at the hearing if you file written comments in advance of the hearing. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

**SUMMARY OF SETTLEMENT**                                                **Pages**

1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a class action?
4. Why is this lawsuit a class action?
5. What has happened in the case so far?
6. Why is there a Settlement?
7. How do I know whether I am part of the Settlement?

8.    What does the Settlement provide?
9.    How much will my payment be?
10.   How can I get a payment?
11.   When would I get my payment?

███████████████████████████████████████████

12.   Can I be excluded from, or "opt-out," of the Settlement?

███████████████████████████████████████████

13.   Do I have a lawyer in this case?
14.   Should I get my own lawyer?
15.   How will the lawyers be paid?

███████████████████████████████████████████

16.   When and where will the Court decide whether to approve the Settlement?
17.   How do I tell the Court that I do not like the Settlement?
18.   Do I have to come to the hearing?
19.   May I speak at the hearing?

███████████████████████████████████████████

20.   What happens if I do nothing at all?

███████████████████████████████████████████

21.   How do I get more information?

## SUMMARY OF SETTLEMENT

A Settlement Fund consisting of $45,000,000.00 (forty-five million dollars) in cash, plus interest, is being established in this case. The net cash amount in the Settlement Fund, after payment of any taxes, expenses, Court-approved attorneys' fees and costs, and any incentive awards to the named Direct Purchaser Plaintiffs who served as class representatives in this case, will be allocated among Direct Purchaser Class Members *pro rata*, according to a Plan of Allocation, approval of which will simultaneously be sought from the Court as part of the Settlement.

As with any litigated case, Direct Purchaser Plaintiffs would face an uncertain outcome if this Lawsuit were to continue against the Defendant. Continued litigation could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all.

Throughout this case, the Direct Purchaser Plaintiffs and the Defendant have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the

Direct Purchaser Plaintiffs were to prevail at trial. The Defendant has denied and continues to deny the claims and contentions alleged by the Direct Purchaser Plaintiffs, that it is liable at all to the Direct Purchaser Class, or that the Direct Purchaser Class has suffered any damages for which the Defendant could be legally responsible. Nevertheless, the Defendant has taken into account the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and has concluded that it is desirable that the Lawsuit be fully and finally settled as to it on the terms and conditions set forth in the Settlement Agreement.

## BASIC INFORMATION

**1. Why did I get this notice?**

You received this notice because you may have purchased BD Hypodermic Products directly from BD between March 23, 2001 and April 27, 2009, were invoiced by BD for said purchases, and appear in the "bill to" or "sold to" fields of BD's electronic sales data for said purchases.

You have received this notice because, as a potential member of the Class certified by the Court, you have a right to know about the Settlement, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be allocated among Direct Purchaser Class Members according to a Court-approved Plan of Allocation (summarized below in question 8). This notice describes the Lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2. What is this lawsuit about?**

This Lawsuit claims that BD violated federal antitrust laws with respect to the sale of BD Hypodermic Products. The Lawsuit claims that BD engaged in several forms of anticompetitive practices, including: (1) imposing market share purchase requirements on hospitals or other healthcare entities, (2) bundling its goods for exclusionary purposes, (3) conspiring with Group Purchasing Organizations (GPOs) for the purpose of imposing exclusionary contracts, and (4) conspiring with other manufacturers to impose rebate penalties on purchasers relating to a bundle of products. The Lawsuit claims that by engaging in this conduct, Defendants were able to improperly maintain a monopoly in the markets in which BD Hypodermic Products are sold, causing direct purchasers of BD Hypodermic Products to pay artificially inflated prices for BD Hypodermic Products.

BD denies that it did anything wrong and says that any conduct it engaged in was reasonable and based upon independent, legitimate business and economic justifications responsive to its customers' needs and demands without the purpose or effect of injuring competition. BD also says that its actions have had pro-competitive effects that benefited competition and patients, including lower prices for its products. In addition, BD claims that it does not have a monopoly, that Direct Purchaser Plaintiffs always had the option of choosing hypodermic products from other manufacturers.

The Lawsuit asks the Court to declare that BD's actions were anticompetitive and in violation of the federal antitrust laws and to award damages representing three times the amount that direct purchasers allegedly overpaid on Class Purchases as a result of the allegedly illegal conduct, plus interest, attorneys' fees and costs.

The Court has not decided whether BD violated any laws.

- 5 -

The Lawsuit is known as *In re Hypodermic Products Direct Purchaser Antitrust Litigation, Civ. No. 05-1602* (Consolidated). Judge Jose L. Linares of the United States District Court for the District of New Jersey is overseeing this class action.

## 3. What is a class action?

In a class action, one or more entities called "Class Representatives" sue on behalf of other entities with similar claims. In this case, there are seven Direct Purchaser Class Representatives: Louisiana Wholesale Drug Co., Inc.; Rochester Drug Co-Operative, Inc.; JM Smith Corporation d/b/a Smith Drug Company; American Sales Company, Inc.; SAJ Distributors, Inc.; Dik Drug Company; and Park Surgical Co., Inc. The Class Representatives and the entities on whose behalf they have sued are together a "Class" or "Class Members." They are also called the Direct Purchaser Plaintiffs.

The company that has been sued is called the Defendant. In this case, there is one Defendant: Becton Dickinson Company, Inc. ("BD").

In a class action lawsuit, one court resolves the issues for everyone in the Class – except for those who exclude themselves from the Class by a Court imposed deadline.

## 4. Why is this lawsuit a class action?

The Court has decided that this Lawsuit can be a class action because it found that the Lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

Specifically, the Court has found that:

- There are approximately 2,000 members of the Direct Purchaser Class with common legal or factual issues relating to the claims in this case.
- The claims of the Direct Purchaser Class Representatives are typical of the claims of the rest of the Direct Purchaser Class.
- The Direct Purchaser Class Representatives and the lawyers representing the Direct Purchaser Class will fairly and adequately protect the Direct Purchaser Class's interests.
- The common legal questions and facts are more important than questions affecting only individual members of the Direct Purchaser Class, and this Lawsuit will be more efficiently conducted as a class action than as multiple individual lawsuits.

## 5. What has happened in the case so far?

Extensive fact discovery has been taken in this Lawsuit. The Court denied BD's motion to dismiss on June 29, 2007, ruling that Direct Purchaser Plaintiffs had properly pled violations of §§ 1 and 2 of the Sherman Act and the Lawsuit was entitled to continue.

## 6. Why is there a Settlement?

This Settlement is the product of extensive negotiations between Direct Purchaser Plaintiffs' counsel and BD's counsel. After years of working on the case, and after thoroughly investigating the facts and legal issues involved, and after extensive mediation with an independent mediator, the Defendant agreed to pay a total of $45 million dollars to resolve the antitrust claims the Direct Purchaser Plaintiffs brought against them. The Court has not decided in favor of Direct Purchaser Plaintiffs or

Defendant. The Direct Purchaser Class Representatives and the lawyers representing them and the Direct Purchaser Class believe that the $45 million cash Settlement is fair and in the best interests of all Direct Purchaser Class Members. By agreeing to the Settlement, the parties will avoid the cost of completing the trial against each other and avoid the risks that they would lose the trial, risks involved with a subsequent trial to determine the amount of damages, if any, or subsequent appeals of either or both trials. As a result of the Settlement, Direct Purchaser Class Members will be guaranteed compensation without undue delay.

### 7. How do I know whether I am part of the Settlement?

The proceeds of this Settlement will be allocated only to members of the Direct Purchaser Class on a *pro rata* basis, and then only according to a Court-approved Plan of Allocation. You are a member of the Direct Purchaser Class if you fall within the Direct Purchaser Class definition approved by United States Judge Jose L. Linares. In his Order certifying the Direct Purchaser Class in this case, Judge Linares decided that all persons or entities who (1) purchased BD Hypodermic Products in the United States from BD at any time during the period March 23, 2001 through April 27, 2009, and (2) were invoiced by BD for said purchases were in the Direct Purchaser Class. Persons or entities who purchased BD Hypodermic Products in the United States from BD during the Class Period and were invoiced by BD for said purchases are entities who appear in the "bill to" or "sold to" fields of BD's electronic sales data for those purchases ("Class Purchases"). Judge Linares excluded from the Direct Purchaser Class BD, BD's parents, subsidiaries and affiliates, and United States Government Entities and those persons or entities who are permitted by the Court to opt out of the Direct Purchaser Class.

If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone number, address, or web site listed in question 13 below.

### 8. What does the Settlement provide?

A Settlement Fund consisting of $45 million in cash, plus interest, has been established in this case. The net amount in the Settlement Fund, after payment of (and establishment of reserves for) any taxes and Court-approved costs, attorneys' fees, and expenses, including any Court-approved incentive awards to be paid to the Direct Purchaser Class Representatives, will be allocated to Direct Purchaser Class members according to a Plan of Allocation to be approved by the Court. Generally, the Direct Purchaser Class Representatives and the Direct Purchaser Class members will release the Defendant from all claims arising out of conduct that was or could have been asserted in the Lawsuit regarding Class Purchases.

All costs, fees and expenses related to this litigation and the Settlement are to be paid solely out of the proceeds of the Settlement Fund. Direct Purchaser Plaintiffs' counsel intend to seek, solely from the Settlement Fund, attorneys' fees totaling up to 33 1/3% of the Settlement Fund plus the reimbursement of reasonable costs and expenses incurred in the prosecution of the Lawsuit. Direct Purchaser Plaintiffs' counsel's application for an award of attorneys' fees will be filed with the Court and made available for download and/or viewing on or before _____, 2009 on the following internet site maintained by Direct Purchaser Plaintiffs' counsel: www.garwingerstein.com. An application will also be made to the Court for an incentive award of thirty-five thousand dollars ($35,000.00) each for the seven Direct Purchaser Class Representatives, to compensate them for their participation in, and prosecution of, this case on behalf of the Direct Purchaser Class, which has included, among other things, production of documents and electronic data, providing written discovery responses, supplying affidavits, and regular communication with counsel. Direct

- 7 -

Purchaser Plaintiffs' counsel will file their application for an award of attorneys' fees, reimbursement of costs and expenses, and for incentive awards for the Direct Purchaser Class Representatives with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101 on or before _____. The application will be available for inspection during normal business hours at the office of the Clerk, in addition to, the web sites noted above.

This is only a summary of the proposed Settlement and is qualified in its entirety by the terms of the actual Settlement Agreement. A copy of the Settlement Agreement, including the releases, is on public file with the United States District Court for the District of New Jersey at the above address during normal business hours and is also available for download and/or viewing on the following internet sites maintained by Direct Purchaser Plaintiffs' counsel and the Claims Administrator : www. garwingerstein.com and [Claims Administrator's web site].

The Court has scheduled a Fairness Hearing in order to determine whether the proposed Settlement, request for attorneys' fees and costs, and Direct Purchaser Class Representative incentive awards should be finally approved. If the Court finally approves the Settlement, the Court will also establish a Plan of Allocation that will be followed to distribute the net Settlement Fund to Direct Purchaser Class Members, following the payment of attorneys' fees and expenses, costs, taxes, and any incentive awards for the Direct Purchaser Class Representatives.

**9.  How much will my payment be?**

Your share of the net Settlement proceeds will depend on the amount of BD Hypodermic Products that you purchased from, and were invoiced by, BD during the Class Period (March 23, 2001 to April 27, 2009). Such purchases are those for which you appear in the "bill to" or "sold to" fields of BD's electronic sales data ("Class Purchases"). Those who had more Class Purchases will get more money than those who had fewer Class Purchases. Specifically, all Direct Purchaser Class members will receive a *pro rata* share of the net Settlement Fund in proportion to their Class Purchases. Each Direct Purchaser Class member's proportionate, pro-rata, recovery will be determined using a Court-approved Plan of Allocation. You are not responsible for calculating the amount you may be entitled to receive under the Settlement. This calculation will be done using electronic sales data provided by BD during the Lawsuit as part of the implementation of the Settlement.

Money from the Settlement will only be distributed to Direct Purchaser Class Members if the Court grants final approval of the Settlement.

**10.  How can I get a payment?**

If the Settlement is approved by the Court, all Direct Purchaser Class Members will receive a Claim Form to request a pro rata share of the Settlement Fund. Direct Purchaser Class Members will be asked to verify the accuracy of the information in the Claim Form, and to sign and return the form according to the directions on the Form, which will also include a release of claims against BD

**11.  When would I get my payment?**

Payment is conditioned on several matters, including the Court's approval of the Settlement and such approval being final and no longer subject to any appeals to any court. Upon satisfaction of various conditions, the net Settlement Fund will be allocated to Direct

Purchaser Class Members on a pro rata basis pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement. Any appeal of the final approval could take several years. Any accrued interest on the Settlement Fund will be included, pro rata, in the amount paid to the Direct Purchaser Class Members. The Settlement Agreement may be terminated on several grounds, including if the Court does not approve or materially modifies the Settlement. Should the Settlement Agreement be terminated, the Settlement will be terminated and the Lawsuit will proceed as if the Settlement had not been reached.

## RIGHT TO OPT-OUT OF THE SETTLEMENT

**12. Can I choose to be excluded, or "opt-out," of the Settlement?**

Any Direct Purchaser Class member that wishes to be excluded from the Direct Purchaser Class may do so in writing. However, you will <u>not</u> be permitted to submit a proof of claim, and will <u>not</u> be permitted to share in the Settlement Fund, if you exclude yourself from the Direct Purchaser Class. If you want to be excluded from the settlement and the Direct Purchaser Class, you must mail a **written request for exclusion** to the Claims Administrator, and such request for exclusion must be received by the Claims Administrator by no later than _____, 2009, at the following address in order to be considered valid:

> In re Hypodermic Products Direct Purchaser Antitrust Litigation
> [Address & Fax of Claims Administrator]

Any request for exclusion must legibly set forth your name (including all names by which you have been known since March 23, 2001) and address and the name of this case (<u>In re Hypodermic Products Direct Purchaser Antitrust Litigation</u>). The request for exclusion must also clearly state that you are a member of the Direct Purchaser Class and that you wish to be excluded from the Direct Purchaser Class. A separate request for exclusion must be filed by each Direct Purchaser Class member electing to be excluded from the Direct Purchaser Class.

**Any Direct Purchaser Class member that elects to exclude itself from the Direct Purchaser Class will not be entitled to participate in the settlement or to receive any payment from the Settlement Fund, but will retain such rights, if any, it may have** (to the extent otherwise permitted by law and subject to all applicable limitations) to prosecute separate litigation against Defendant, at its own expense, and Defendant will retain all defenses against and counterclaims to any such claims.

If you choose to remain a part of the Direct Purchaser Class, note that all Direct Purchaser Class members are bound by the result of the Settlement if it is finally approved by the Court. This case was, a short time ago (on _____, 2009), certified by this Court as a Direct Purchaser Class action under Federal Rule of Civil Procedure 23, because the Court determined the requirements of that rule were satisfied.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

- 9 -

Judge Linares previously decided that the law firm listed below, together with some other law firms, was qualified to represent you and all Direct Purchaser Class members. The law firm is called "Direct Purchaser Plaintiffs' Lead Counsel." It and the other law firms serving as Direct Purchaser Plaintiffs' Counsel are experienced in handling similar cases against other companies. You will not be charged directly by any of these law firms.

*Garwin Gerstein & Fisher, LLP*
*1501 Broadway, Suite 1416*
*New York, NY 10011*
*(212) 398-0055*
*www.garwingerstein.com*

### 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Direct Purchaser Plaintiffs' counsel is working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense.

### 15. How will the lawyers be paid?

If the Court approves the Settlement, the Court will be asked to approve a fee to Direct Purchaser Class counsel and reimburse them for the costs and expenses they have paid in conducting the litigation solely out of the Settlement Fund. Direct Purchaser Plaintiffs' counsel intend to seek, solely from the Settlement Fund, attorneys' fees of up to 33 1/3% of the gross Settlement Fund. In addition, Direct Purchaser Plaintiffs' counsel intend to seek from the Settlement Fund reimbursement of reasonable costs and expenses incurred in the prosecution of this case. If the Court grants Direct Purchaser Plaintiffs' counsel's requests, the fees and expenses would be deducted from the Settlement Fund, and thus no Direct Purchaser Class member will be asked to pay attorneys' fees or expenses out of pocket in connection with this Lawsuit.

## THE COURT'S FAIRNESS HEARING

### 16. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at ____.m. on _____, 2009, at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Courtroom 5D, Newark, NJ 07101. At this hearing, the Court will consider: (1)- whether the Settlement is fair, reasonable and adequate; (2) the proposed Plan of Allocation for the Settlement Fund among Direct Purchaser Class members; (3) Direct Purchaser Plaintiffs' counsel's application for an award of attorneys' fees and disbursement of expenses and costs; and (4) the application for incentive awards for the Direct Purchaser Class Representatives. If there are objections, the Court will consider them. Judge Linares will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement.

### 17. How do I tell the Court that I don't like the Settlement?

If you do not like the Settlement or any of its provisions, you may tell the Court that you object to the Settlement. Objecting is simply telling the Court that you do not like something about the Settlement. If you object, you can give reasons why you think the Court should not approve the Settlement, the attorneys' fee request, or any other aspect of the relief requested, and the Court will consider your views. To object, you must send a letter via first class U.S. mail saying that you object to the

Settlement of *In re Hypodermic Products Direct Purchaser Antitrust Litigation, Civ. No. 05-1602 JLL/CCC*. You must include in a prominent location the name of the case (*In re Hypodermic Products Direct Purchaser Antitrust Litigation*), the Case No. (*Civ No. 05-1602 JLL/CCC*) and the Judge's name (Hon. Jose L. Linares). Be sure to include your name, address, telephone number, your signature and the reasons you object to the settlement. Mail the objection so that it is postmarked no later than _____, 2009, to *In re Hypodermic Products Direct Purchaser Antitrust Litigation*, Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. You must also send a copy of your objection to Direct Purchaser Plaintiffs' counsel and to counsel for Defendant, whose addresses are:

On behalf of Direct Purchaser Plaintiffs' Counsel, Direct Purchaser Plaintiffs and the

Class:

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036

On behalf of Defendant, BD:

> Moses Silverman, Esq.
> Robert Atkins, Esq.
> PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP
> 1285 Avenue of the Americas
> New York, NY 10019

## 18. Do I have to come to the hearing?

No. Direct Purchaser Plaintiffs' Counsel (the lawyers representing the Direct Purchaser Plaintiffs and the Direct Purchaser Class) will answer any questions that Judge Linares may have. You are welcome to come to the hearing at your own expense. If you send a written objection, you do not have to come to the Court to talk about it. So long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

## 19. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. Otherwise, you will not be allowed to speak at the Fairness Hearing. If you wish to speak at the Fairness Hearing, or you wish to have an attorney representing you at your own expense speak at the Fairness Hearing, you must mail a Notice of Intention to Appear, postmarked no later than _____, 200_ to the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101. Your Notice of Intent must include in a prominent location the name of the case (*In re Hypodermic Products Direct Purchaser Antitrust Litigation*), the Case No. (*Civ No. 05-1602 JLL/CCC*) and the Judge's name (Hon. Jose L. Linares). Be sure to include your name, address, telephone number, and your signature. You must also send a copy of your request to Direct Purchaser Plaintiffs' counsel and to counsel for Defendant, whose addresses are:

On behalf of Direct Purchaser Plaintiffs' counsel, Direct Purchaser Plaintiffs and the

Class:

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036

On behalf of Defendant, BD:

> Moses Silverman, Esq.
> Robert Atkins, Esq.
> PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP
> 1285 Avenue of the Americas
> New York, NY 10019

## IF YOU DO NOTHING

**20.  What happens if I do nothing at all now?**

If you are a Direct Purchaser Class member and you do nothing, you will participate in the Settlement as described in this notice if the Settlement is approved.  However, in the future, you will need to sign and return the Claim Form once it is sent to you.

## GETTING MORE INFORMATION

**21.  How do I get more information?**

Corrections or changes of name or address, or requests for additional copies of this Notice should not be directed to the Court, but should be directed in writing to the Claims Administrator at:

> In re Hypodermic Products Direct Purchaser Antitrust Litigation
> [Address & Fax of Claims Administrator]

Any questions which you have concerning the matters contained in this Notice may be directed in writing to:

> Bruce E. Gerstein, Esq.
> Noah Silverman, Esq.
> GARWIN GERSTEIN & FISHER LLP
> 1501 Broadway, Suite 1416
> New York, NY 10036

This notice summarizes the proposed Settlement.  The complete Settlement is set forth in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement or any other documents relating to the proposed Settlement (such as the motion seeking the Court's preliminary approval of

- 12 -

the Settlement and the motion seeking payment to Direct Purchaser Plaintiffs' counsel of attorneys' fees, costs, and expenses), in any one of the following ways:

1.  by making a written request to the counsel listed in response to question 13;
2.  by visiting the following internet site maintained by Direct Purchaser Plaintiffs' counsel: www.garwingerstein.com ;
3.  by making a written request to the Claims Administrator at the following address: In re Hypodermic Products Direct Purchaser Antitrust Litigation, _____; or
4.  by visiting in person the office of the Clerk of the United States District Court for the District of New Jersey.

If your name or address needs to be corrected, you must send a correction, in writing, to the Claims Administrator at the following address: In re Hypodermic Products Direct Purchaser Antitrust Litigation, _____.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

**DATE:** _____, 200_              BY ORDER OF THE COURT

- 13 -

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | Master Docket No. 05-cv-1602 (JLL/CCC) |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS | MDL Docket No. 1730 |

**(PROPOSED) ORDER AND FINAL JUDGMENT APPROVING DIRECT
PURCHASER CLASS'S SETTLEMENT, AWARDING ATTORNEYS' FEES
AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFF INCENTIVE
AWARDS, APPROVING PLAN OF ALLOCATION, AND DISMISSING
CLAIMS AGAINST DEFENDANT**

This Court, having considered (a) the Joint Motion of the Direct Purchaser Class and

Defendant Becton, Dickinson and Company ("BD") for Final Settlement Approval; (b) the Brief

in Support of the parties' Joint Motion for Final Settlement Approval; (c) the Proposed Plan of

Allocation; (d) the Direct Purchaser Class's Motion for an Award of Attorneys' Fees,

Reimbursement of Expenses and Incentive Awards to the Class Representatives; (e) the Brief in

Support of the Direct Purchaser Class's Motion for an Award of Attorneys' Fees,

Reimbursement of Expenses and Incentive Awards to the Direct Purchaser Class

Representatives; (f) the Affidavit of Direct Purchaser Plaintiffs' Lead Counsel Bruce E. Gerstein,

Esq.; and having held a hearing on _____, 2009; and having considered all of the

submissions and arguments with respect thereto; pursuant to Fed. R. Civ. P. 23 and 54, and in

accordance with the terms of the Settlement Agreement between Direct Purchaser Plaintiffs and

BD, dated April 27, 2009 ("Settlement Agreement"), it is hereby **ORDERED, ADJUDGED,**

**and DECREED that:**

1.      This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.      The Court finds that: (i) each of the Direct Purchaser Plaintiffs has direct purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for all BD Hypodermic Products they purchased from BD; (ii) Medstar and Hebrew Home do not have direct purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for any BD Hypodermic Products they purchased from or through a distributor or other intermediary, and (iii) only those purchasers of BD Hypodermic Products who purchased those products from BD and were invoiced by BD for those products have Ddirect purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act with respect to Class Purchases (defined in ¶ 3 below).

3.      As set forth in the Preliminary Approval Order (Dkt. # _____ ), dated _____, 2009, the certified Direct Purchaser Class is defined as follows:

> All persons or entities (and assignees of claims from such persons and entities) who (1) purchased BD Hypodermic Products in the United States from BD at any time during the period of March 23, 2001 through  April 27, 2009 (the "Class Period"), and (2) were invoiced by BD for said purchases.  The Direct Purchaser Class excludes BD, BD's parents, subsidiaries and affiliates, and United States Government Entities and those persons or entities who are permitted by the Court to opt out of the Direct Purchaser Class.

Persons or entities who purchased BD Hypodermic Products in the United States from BD during the Class Period and were invoiced by BD for said purchases are entities who appear in the "bill to" or "sold to" fields of BD's electronic sales data for those purchases ("Class Purchases").

2

"BD Hypodermic Products" are defined as products sold by BD in the following device categories:

(a) safety and conventional hypodermic needles and syringes;
(b) safety and conventional blood collection devices, inclusive of needles, blood collection tubes and tube holders;
(c) safety and conventional IV catheters, including winged IV catheters;
(d) safety and conventional insulin delivery devices.

4.     The Court has jurisdiction over this case, *In re Hypodermic Products Direct Purchaser Antitrust Litig.*, Master Docket No. 05-cv-1602 ("Action"), and each of the Direct Purchaser Class members for all matters relating to this Action, the Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement and this Order.

5.     As required by this Court in the Preliminary Approval Order, notice of the proposed Settlement was mailed by first-class mail to all members of the Direct Purchaser Class, and by publication in the _____ edition of the industry journal _____. Such notice to members of the Direct Purchaser Class is hereby determined to be fully in compliance with the requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

6.     Due and adequate notice of the proceedings having been given to the Direct Purchaser Class and a full opportunity having been offered to the Direct Purchaser Class to participate in the _____, 2009 Fairness Hearing, it is hereby determined that all Direct Purchaser Class members are bound by this Order and Final Judgment.

7.     The Settlement of this Direct Purchaser Class Action was not the product of collusion between the Direct Purchaser Plaintiffs and BD or their respective counsel, but rather

3

was the result of *bona fide* and arm's-length negotiations conducted in good faith between Direct Purchaser Plaintiffs' counsel[1] and BD's counsel.

8.      Pursuant to Fed. R. Civ. P. 23, this Court hereby approves the Settlement between the Direct Purchaser Plaintiff Class and BD, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interest of the members of the Direct Purchaser Class, and within a range that responsible and experienced attorneys could accept considering all relevant risks and factors of litigation.  Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.  The Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975)

9.      The Court approves the Plan of Allocation of the Settlement proceeds (net of attorneys' fees, reimbursed expenses, and incentive awards) as proposed by Direct Purchaser Plaintiffs' counsel in the Plan of Allocation.  The Plan of Allocation, which had been summarized in the Notice to the Direct Purchaser Class, proposes to distribute the net Settlement proceeds among the members of the Direct Purchaser Class *pro rata* based on each member's Class Purchases of BD Hypodermic Products, and does so fairly and efficiently.  It directs _____, the firm retained by Direct Purchaser Plaintiffs' Counsel as the Claims Administrator, to distribute the net Settlement proceeds in the manner provided in the Plan of Allocation.

10.     All claims in the Direct Purchaser Action against BD, including by those members of the Direct Purchaser Class who have not timely excluded themselves from the Direct Purchaser Class, are hereby dismissed with prejudice, and without costs, with such dismissal

---

[1] Under CMO # 5, this Court appointed Bruce E. Gerstein, Esq. of Garwin Gerstein & Fisher LLP as Direct Purchaser Plaintiffs' Lead Counsel.

subject only to compliance by the Parties with the terms and conditions of the Settlement Agreement and this Final Order and Judgment, over which the Court retains exclusive jurisdiction, including the administration and consummation of the Settlement;

11.    This judgment of dismissal is final and appealable;

12.    In accordance with the Settlement Agreement, upon the Settlement becoming final in accordance with its terms:

(a)    BD and its present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, known or unknown, fixed or contingent, in law or in equity, (i) arising under 15 U.S.C. §§ 1, 2 and 14 concerning the sale by BD of BD Hypodermic Products to the Direct Purchaser Class members from the beginning of time through the date of this Settlement Agreement, or (ii) that have been or could have been asserted by the Direct Purchaser Plaintiffs or any member of the Direct Purchaser Class either in the Direct Purchaser Class Action in this Court or in any other action or proceeding in this Court or any other court or forum arising out of, or based upon, the conduct alleged in the Second Consolidated Amended Class Action Complaint, filed May 10, 2006 (the "Complaint") or in any other complaint or pleading filed in this action, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, or (iii) arising from or related in any way to the administration, allocation, or distribution of the Settlement Fund (collectively, the "Released Claims"), that Direct Purchaser Plaintiffs or any member or members of the Direct Purchaser Class who has (have) not timely

5

excluded itself (themselves) from the Direct Purchaser Class (including any past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity.  Each member of the Direct Purchaser Class hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims.

      (b)    In addition, each Direct Purchaser Class member expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which states:

> Section 1542.  Certain Claims Not Affected by General Release.
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Direct Purchaser Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 11, but each Direct Purchaser Class member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise

6

fall within the definition of Released Claims, whether or not concealed or hidden; without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, each Direct Purchaser Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against any Released Party under §17200, *et seq.*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

13.   Direct Purchaser Plaintiffs' counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

(a)   the Settlement confers a monetary benefit on the Direct Purchaser Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

(b)   there were no objections by Direct Purchaser Class members to the requested fee award of one-third of the Settlement Fund, or such objections are overruled;

(c)   Direct Purchaser Plaintiffs' counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Direct Purchaser Class, with no guarantee they would be compensated;

(d)   Direct Purchaser Plaintiffs' counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

7

(e)    Direct Purchaser Plaintiffs' counsel have reasonably expended thousands of hours, and incurred substantial out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

(f)    fee awards similar to the fee requested by Direct Purchaser Plaintiffs' counsel here have been awarded in similar cases, including numerous Direct Purchaser antitrust class actions similarly alleging anticompetitive practices;

(g)    the Settlement achieved for the benefit of the Direct Purchaser Class was obtained as a direct result of Direct Purchaser Plaintiffs' counsel's skillful advocacy;

(h)    the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

(i)    the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g., In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005));

(j)    Direct Purchaser Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Direct Purchaser Plaintiffs' counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(k)    Direct Purchaser Plaintiffs' counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since _____, 2009;

8

(l)     As detailed in Direct Purchaser Plaintiffs' counsel's affidavits, a one-third fee award would equate to a lodestar multiplier of approximately _____. An examination of recently approved multipliers in other Direct Purchaser class actions similarly alleging anticompetitive practices in a medical device market reveals that the multiplier requested here is well within the acceptable range;

(m)     in light of the factors and findings described above, the requested 33-1/3% fee award is within the applicable range of reasonable percentage fund awards.

Accordingly, Direct Purchaser Plaintiffs' counsel are hereby awarded attorneys' fees in the amount of $_____ from the Settlement Fund, plus one-third of the interest earned on the Settlement proceeds from _____, 2009 (the date of funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. The Court finds this award to be fair and reasonable.

Further, Direct Purchaser Plaintiffs' counsel are hereby awarded $_____ out of the Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Direct Purchaser Class obtained in the Settlement to the Direct Purchaser Class.

The awarded fees and expenses shall be paid to Direct Purchaser Plaintiffs' counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Direct Purchaser Plaintiffs' Lead Counsel shall allocate the fees and expenses among all of the Direct Purchaser Plaintiffs' counsel.

14. Neither this Order and Final Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by

9

BD, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by Direct Purchaser Plaintiffs or BD, whether in this Direct Purchaser Class Action or in any other action or proceeding;nor shall the Settlement Agreement be used or referred to in any subsequent motion for class certification made by any party to this Action.

15.    Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Direct Purchaser Class.  In addition, without affecting the finality of this judgment, BD and each member of the Direct Purchaser Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion in the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

16.    The Direct Purchaser Plaintiffs actively participated and assisted in the prosecution of this case by, among other things, production of documents and electronic data, providing written discovery responses, supplying affidavits, and regular communication with Direct Purchaser Plaintiffs' counsel.  Accordingly, Direct Purchaser  Plaintiffs (namely

10

Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith Corporation d/b/a Smith Drug Company, American Sales Company, Inc., SAJ Distributors, Inc., Dik Drug Company, and Park Surgical Co., Inc.) are each hereby awarded thirty-five thousand dollars $35,000.00 out of the Settlement Fund, for representing the Direct Purchaser Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

17. In the event the Settlement does not become final in accordance with paragraph 19 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and the Settlement Agreement shall not be used or referred to in any subsequent motion for class certification made by any party to this Action.

18. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Direct Purchaser Plaintiffs and the Direct Purchaser Class against BD in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Direct Purchaser Class members.

SO ORDERED this ___ day of _____, 2009

_____

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

11