NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re HYPODERMIC PRODUCTS ANTITRUST LITIGATION,<br><br>This Document Relates To:<br>*Louisiana Wholesale Drug Co., Inc. v. Becton Dickinson & Co.*, Civil Action No.: 05-CV-1602; *Dik Drug Co. v. Becton Dickinson & Co.*, Civil Action No.: 05-CV-4465, *American Sales Co., Inc. v. Becton Dickinson & Co.*, Civil Action No.: 06-CV-1204, *Park Surgical Co. Inc. v. Becton Dickinson & Co.*, Civil Action No.: 06-CV-1205, and *SAJ Distributors, Inc. v. Becton Dickinson & Co.*, Civil Action No.: 05-CV-5891. | Master Docket No.: 05-1602 (JLL)<br><br>MDL No. 1730<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Direct Purchaser Plaintiffs' Renewed Motion for Class Certification, Preliminary Approval of the Proposed Direct Purchaser Class Settlement, Approval of the Form and Manner of Notice to the Class, and Setting a Final Settlement Schedule and Date for a Fairness Hearing.[1] (CM/ECF No. 435). This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Direct Purchaser Plaintiffs' motion is GRANTED.

---

[1] The Direct Purchaser Plaintiffs who filed the instant motion are distributor plaintiffs Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith Corporation d/b/a Smith Drug Company, American Sales Company, Inc., SAJ Distributors, Inc., Dik Drug Company, and Park Surgical Col, Inc. (collectively "Distributor Plaintiffs").

## I. BACKGROUND

The underlying facts will not be set forth in detail as both this Court and the Third Circuit Court of Appeals have already done so and the Court presently writes only for the parties. On April 27, 2009, Distributor Plaintiffs and Defendant Becton, Dickinson and Company ("BD" or "Becton") agreed to settle the Consolidated Direct Purchaser Class Actions contingent upon this Court's determination of standing to pursue antitrust claims under Section 4 of the Clayton Act. On September 30, 2010, this Court granted partial summary judgment on the issue of direct-purchaser standing and held that Healthchare Provider Plaintiffs, not Distributor Plaintiffs, were direct purchasers of Becton's hypodermic products.[2] (CM/ECF No. 393). Distributor Plaintiffs filed a motion to certify for interlocutory appeal under 28 U.S.C. § 1292(b) (CM/ECF No. 395), which the Court granted on November 23, 2010. (CM/ECF No. 405). The Third Circuit granted Distributor Plaintiff's petition for permission to appeal on July 22, 2011. (CM/ECF No. 413). On September 9, 2010, the Third Circuit reversed in light of <u>Warren General Hospital v. Amgen Inc.</u>, 643 F.3d 77 (3d Cir. 2011), issued after this Court's decision. The Court of Appeals held that for purposes of standing under the Clayton Act, Distributor Plaintiffs are direct purchasers and the Healthchare Provider Plaintiffs are indirect purchasers for contract sales. (CM/ECF 431-2, 14-15).

---

[2] For the sake of completeness, the Court notes that in addition to granting the Healthchare Provider Plaintiffs' Motion for Partial Summary Judgment, the Court denied the following motions: (1) Healthchare Provider Plaintiffs' Motion for Partial Summary Judgment; (2) Distributor Plaintiffs' Motion for Certification; (3) Becton's Motion for Preliminary Approval of Proposed Settlement; and (4) Healthchare Provider Plaintiffs' Motion in Limine. <u>See</u> CM/ECF No. 393.

On September 10, 2012, Distributor Plaintiffs filed the instant motion. The Healthcare Plaintiffs filed an Opposition on September 9, 2012, to which Distributor Plaintiffs timely responded.

## II. LEGAL DISCUSSION

Notwithstanding the Third Circuit's finding that Healthcare Provider Plaintiffs do not have standing under Section 4 of the Clayton Act because they are not direct purchasers, the Healthcare Provider Plaintiffs make three primary arguments in opposition to the instant motion: (1) the Settlement undervalues the direct purchasers' claims and is the product of collusive negotiations ; (2) the Settlement favors the claims of Distributor Plaintiffs over the claims of the Healthcare Provider Plaintiffs and other non-distributors because it releases their broader federal claims without any additional compensation, and allows the Distributor Plaintiffs to participate in 100% of the settlement proceeds even though they suffered no economic injury for 74% of their purchases; and (3) the proposed class notice does not advise healthcare providers of the Settlement's deficiencies. (Healthcare Provider Opp'n.) ("HP Opp'n.").

On the other hand, the Distributor Plaintiffs argue and, particularly in light of the Third Circuit's decision in this case, the Court agrees that the Healthcare Provider Plaintiffs do not represent any direct purchaser claims. Indeed, "[t]he [Healthcare Provider Plaintiffs] have only asserted: (a) federal claims on behalf of those who purchased Hypodermic Products through Becton's distributors, and /or (b) state law claims on behalf of indirect purchasers." (DP Reply 4-5). Further, "[c]laims asserted by the [Healthcare Providers], based on purchases made through distributors, are not the subject of the Settlement." Id.

As Direct Purchaser Plaintiffs emphasize, indirect purchasers are not a party to the settlement: "the Proposed Settlement is explicitly limited to claims based on the direct purchasers of BD Hypodermic Products from BD - i.e., the 'bill to' or 'sold to' columns in BD's electronic sales data" ("Class Purchasers"). (DP Br. 5). In their Reply, Direct Purchaser Plaintiffs argue that the Healthcare Providers omit the following key facts:

> (1) only one of the named HPs made any direct purchases during the entire proposed class period totaling no more than $1000, rendering its financial stake in the direct purchaser case *de minimis* and the remainder of the HPs' financial stake zero; (2) even though the HPs have asserted indirect state law antitrust claims since the outset of this case, the merits of which they must prove regardless of the outcome of the dispute over direct purchaser standing, they sought virtually no discovery to advance those claims *for 7 years*; (3) the HPs do not (and cannot) dispute that the absent class members with the greatest financial stake in this litigation, who collectively made *nearly half* of all direct purchases, have explicitly informed the Court that they support the Settlement and have urged the Court to approve it; and (4) the Court has appointed interim Class Counsel to represent the interests of the direct purchaser class in this matter, and counsel for the HPs are not among them.

(DP Reply 1) (emphasis in original). Further, in light of the Third Circuit's decision that the Healthcare Providers are "indirect purchasers," the Distributor Plaintiffs submit that the Healthcare Providers "are neither parties in the Direct Purchaser case nor parties to the Direct Purchaser Settlement." Id.

Rather, as Direct Purchasers urge, the objection to the instant motion is predicated on an obfuscation: "One named plaintiff in the separate Indirect Purchaser action, Washington Hospital Center (WHC), made less than $1000 in direct purchases from BD during the proposed class period. However, WHC has not sued [Becton] over these purchases" and is "one of

approximately 1,6000 absent members of the [Proposed Class]." Id. at 2.³ Indeed, the Direct Purchaser claims encompass those who are distributors and non-distributors who purchased Becton Hypodermic Products directly from Becton during the class period. Id. at 5; CM/ECF No. 77-1 at ¶ 25. Further, the Healthcare Provider Plaintiffs concede in a footnote that the Distributor Plaintiffs alone have standing to pursue the federal antitrust damage claims for all purchases from Becton, but submit that certain Healthcare Providers and other non-distributor purchasers also bought products directly from Becton. (HP Opp'n. 1, n.1). Therefore, the Court agrees with Direct Purchasers that the Healthcare Providers' "attempt to misuse WHC's status as an absent DP class member to bootstrap *all HPs* into this proceeding concerning preliminary approval of the [Settlement] is improper because, as indirect purchasers, the [Healthcare Providers] have no interest in, and face no prejudice from, the Settlement." Id.

The Court has reviewed and considered the remaining arguments by the Healthcare Plaintiffs on behalf of absent Direct Purchaser class members, which concern the overall fairness and reasonableness of the Settlement. To the extent that Healthcare Providers and other non-distributor plaintiffs are absent Direct Purchasers class members, the Court finds that said arguments are more appropriately suited for consideration during a fairness hearing and upon a more complete record.

---

³ It bears noting that Distributor Plaintiffs also state that Healthcare Providers "further ignore that every effort was made to ensure that no claims that they have asserted as indirect purchasers were compromised by the Settlement, which explicitly carves out the only claims they have been pursuing: claims based upon their purchases 'through' distributors pursuant to GPO contracts." (DP Reply 3). In addition, "the Settlement made every effort to ensure that no claims asserted by the [Healthcare Provider Plaintiffs] were compromised, by, *inter alia*, (a) narrowly defining the direct purchaser class and release, as they did; (b) making the Settlement contingent on a court determination on direct purchaser standing – a process that has already taken 3½ years; and (c) providing that the HPs be given notice and an opportunity to be heard in the proceedings regarding direct purchaser standing." (DP Reply 14).

## IV. CONCLUSION

Having reviewed the submissions in connection with the instant motion and finding that indirect purchaser Healthcare Provider Plaintiffs lack standing to oppose the instant motion, the Court adopts the proposed findings and order submitted by Direct Purchaser Plaintiffs.

An appropriate Order accompanies this Opinion.

Dated: 11/15/12

Jose L. Linares
United States District Judge