## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | **Master Docket No. 05-cv-1602 (JLL/MAH)** |
| THIS DOCUMENT RELATES TO ALL DIRECT PURCHASER ACTIONS | **MDL Docket No. 1730** |

## (~~PROPOSED~~) ORDER AND FINAL JUDGMENT APPROVING DIRECT PURCHASER CLASS SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING INCENTIVE AWARDS TO CLASS REPRESENTATIVES, APPROVING PLAN OF ALLOCATION, AND DISMISSING CLAIMS AGAINST DEFENDANT

This Court, having considered (a) the Direct Purchaser Plaintiffs' Motion for Entry of an Order Granting Final Approval of the Direct Purchaser Class Settlement and Memorandum in Support thereof; (b) the Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives, Memorandum in Support thereof, and Amendment thereto; (c) Declaration of Lead Class Counsel Bruce E. Gerstein in Support of Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives, (d) Direct Purchaser Class Counsel's Report Regarding Class Notice Program and Opt-Outs; (e) Affidavit of Michael Rosenbaum of Berdon Claims Administration LLC re: Mailing and Publication of Notice and Requests for Exclusion; and having

held a hearing on March 8, 2013; and having considered all of the submissions and arguments with respect thereto; pursuant to Fed. R. Civ. P. 23 and 54, and in accordance with the terms of the Settlement Agreement between Direct Purchaser Plaintiffs and Defendant Becton, Dickinson and Company ("BD"), dated April 27, 2009 ("Settlement Agreement"), it is hereby **ORDERED, ADJUDGED, and DECREED that:**

1.      This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.      The Court finds that: (i) each of the Direct Purchaser Plaintiffs has direct purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for all BD Hypodermic Products they purchased from BD; (ii) the Healthcare Plaintiffs[1] do not have direct purchaser standing to assert damage claims against BD under Section 4 of the Clayton Act for any BD Hypodermic Products they purchased from or through a distributor or other intermediary, and (iii) only those purchasers of BD Hypodermic Products who purchased those products from BD and were invoiced by BD for those products have direct

---

[1]      The Healthcare Plaintiffs include MedStar Health Inc.; MedStar-Georgetown Medical Center, Inc.; National Rehabilitation Hospital, Inc.; Washington Hospital Center Corporation; and Hebrew Home for the Aged, who filed suit against BD on behalf of themselves and a proposed class of indirect purchasers and entities that purchased BD Hypodermic Products "through BD's authorized distributors."

purchaser standing to assert damage claims against BD under Section 4 of the

Clayton Act with respect to Class Purchases (defined in ¶ 3 below).

3.     As set forth in the Preliminary Approval Order (Doc. No. 444), dated

November 15, 2012, the certified Direct Purchaser Class is defined as follows:

> All persons or entities (and assignees of claims from such persons and
> entities) who (1) purchased BD Hypodermic Products in the United
> States from BD at any time during the period of March 23, 2001
> through April 27, 2009 (the "Class Period"), and (2) were invoiced by
> BD for said purchases. The Direct Purchaser Class excludes BD, BD's
> parents, subsidiaries and affiliates, and United States Government
> Entities and the following entity that opted out of the Direct Purchaser
> Class: VWR International, LLC, f/k/a VWR International, Inc., f/k/a
> VWR Scientific Products Corporation, f/k/a VWR Corporation, f/k/a
> VWR Scientific Inc.

Persons or entities who purchased BD Hypodermic Products in the United

States from BD during the Class Period and were invoiced by BD for said

purchases are entities who appear in the "bill to" or "sold to" fields of BD's

electronic sales data for those purchases ("Class Purchases").

"BD Hypodermic Products" are defined as products sold by BD in the

following device categories:

(a) safety and conventional hypodermic needles and syringes;
(b) safety and conventional blood collection devices, inclusive of needles, blood
collection tubes and tube holders;
(c) safety and conventional IV catheters, including winged IV catheters;
(d) safety and conventional insulin delivery devices.

4.     The Court has jurisdiction over this case, *In re Hypodermic Products

Direct Purchaser Antitrust Litig.*, Master Docket No. 05-cv-1602 ("Action"), and

each of the Direct Purchaser Class members for all matters relating to this Action, the Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement and this Order.

5.     As required by this Court in the Preliminary Approval Order, Notice of the proposed Settlement was mailed by first-class mail to all members of the Direct Purchaser Class to each Class member's last known address as reflected in BD's sales database, and by publication of the Summary Notice in the December 2012 editions of the industry journal, *Modern Healthcare*. The Notice was also posted, along with relevant settlement documents, on the web site of the Court-appointed Claims Administrator, Berdon Claims Administration LLC, www.berdonclaims.com. Such notice to members of the Direct Purchaser Class is hereby determined to be fully in compliance with the requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

6.     Due and adequate notice of the proceedings having been given to the Direct Purchaser Class and a full opportunity having been offered to the Direct Purchaser Class to participate in the March 8, 2012 Fairness Hearing, it is hereby

determined that all Direct Purchaser Class members are bound by this Order and Final Judgment.

7.    The Settlement of this Direct Purchaser Class Action was not the product of collusion between the Direct Purchaser Plaintiffs and BD or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel[2] and BD's counsel.

8.    The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and has been advised that only one Class member, VWR International, LLC, f/k/a VWR International, Inc., f/k/a VWR Scientific Products Corporation, f/k/a VWR Corporation, f/k/a VWR Scientific Inc., elected to opt-out of the Class, there have been no objections to the Settlement from any members of the Class,[3] and also four members of the Class, who

---

[2] By Order dated November 15, 2012, this Court appointed the following law firms to serve as Class Counsel under Rule 23(g):

| Lead Counsel: | Garwin Gerstein & Fisher LLP |
|---|---|
| Liaison Counsel: | Cohn Lifland Pearlman Herrmann & Knopf LLP |
| Executive Committee: | Berger & Montague, P.C. |
| | Odom & Des Roches LLP |
| | Smith Segura & Raphael LLP |
| | Hagens Berman Sobol Shapiro, LLP |
| | RodaNast PC (n/k/a NastLaw LLC) |

Doc. No. 444 at ¶44.

[3] Two of the Healthcare Plaintiffs, MedStar Health Inc. and MedStar-Georgetown Medical Center, Inc. objected to the Settlement on January 14, 2013. Doc. No. 451. As neither appears in the "bill to" or "sold to" fields of BD's

collectively comprise about half of all Class purchases, have explicitly stated their support for the Settlement and Class Counsel's requested attorneys' fees, reimbursement of expenses, and incentive awards to each of the seven named Class Representatives.

9.      Pursuant to Fed. R. Civ. P. 23, this Court hereby approves the Settlement between the Direct Purchaser Plaintiff Class and BD, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interest of the members of the Direct Purchaser Class, and within a range that responsible and experienced attorneys could accept considering all relevant risks and factors of litigation.  Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.  The Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), as follows:

(a)      the case was highly complex, expensive and time consuming, and would have continued to be so if the case had not been settled;

(b)      only one Class member elected to opt-out of the Class, there were no objections to the Settlement by Class members, and four Class members, who collectively comprise about half of all Class purchases, expressed affirmative support for the Settlement;

---

electronic sales data, MedStar Health Inc. and MedStar-Georgetown Medical Center, Inc. are not members of the Class certified by this Court.

(c)      because the case settled after a significant amount of discovery was taken, after more than 2.5 million pages of documents had been produced and reviewed, Class Counsel had an appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d)      Class Counsel and the Class would have faced numerous and substantial risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

(e)      the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts on both liability and damages; and

(f)      the Settlement also satisfies the additional factors for evaluating class settlements set forth in *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998).

10.      The Court approves the Plan of Allocation of the Settlement proceeds (net of attorneys' fees, reimbursed expenses, incentive awards, and costs of notice and claims administration) as proposed by Class Counsel in the Plan of Allocation described in the Direct Purchaser Plaintiffs' Memorandum in Support of their Motion for Entry of an Order Granting Final Approval of the Direct Purchaser Class Settlement, and summarized in the Notice to the Direct Purchaser Class. The Plan of Allocation proposes to distribute the net Settlement proceeds among the

7

members of the Direct Purchaser Class *pro rata* based on each member's Class Purchases of BD Hypodermic Products, and does so fairly and efficiently. It directs Berdon Claims Administration LLC, the firm retained by Direct Purchaser Plaintiffs' Counsel and approved by the Court in the Preliminary Approval Order as the Claims Administrator, to distribute the net Settlement proceeds in the manner provided in the Plan of Allocation.

11.    All claims in the Direct Purchaser Action against BD, including by those members of the Direct Purchaser Class who have not timely excluded themselves from the Direct Purchaser Class, are hereby dismissed with prejudice, and without costs, with such dismissal subject only to compliance by the Parties with the terms and conditions of the Settlement Agreement and this Final Order and Judgment, over which the Court retains exclusive jurisdiction, including the administration and consummation of the Settlement;

12.    This judgment of dismissal is final and appealable;

13.    In accordance with the Settlement Agreement, upon the Settlement becoming final in accordance with its terms:

(a)    BD and its present and former parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released

8

Parties") are and shall be released and forever discharged from any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, known or unknown, fixed or contingent, in law or in equity, (i) arising under 15 U.S.C. §§ 1, 2 and 14 concerning the sale by BD of BD Hypodermic Products to the Direct Purchaser Class members from the beginning of time through the date of this Settlement Agreement, or (ii) that have been or could have been asserted by the Direct Purchaser Plaintiffs or any member of the Direct Purchaser Class either in the Direct Purchaser Class Action in this Court or in any other action or proceeding in this Court or any other court or forum arising out of, or based upon, the conduct alleged in the Second Consolidated Amended Class Action Complaint, filed May 10, 2006 (the "Complaint") or in any other complaint or pleading filed in this action, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, or (iii) arising from or related in any way to the administration, allocation, or distribution of the Settlement Fund (collectively, the "Released Claims"), that Direct Purchaser Plaintiffs or any member or members of the Direct Purchaser Class who has (have) not timely excluded itself (themselves) from the Direct Purchaser Class (including any past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators,

purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity. Each member of the Direct Purchaser Class hereby covenants and agrees that it shall not, hereafter, seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims.

(b) In addition, each Direct Purchaser Class member expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which states:

> Section 1542. Certain Claims Not Affected by General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Direct Purchaser Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this paragraph 11, but each Direct Purchaser Class member hereby expressly waives and fully, finally and

forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden; without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, each Direct Purchaser Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against any Released Party under §17200, *et seq.,* of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

14. Direct Purchaser Plaintiffs' counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

(a) the Settlement confers a monetary benefit on the Direct Purchaser Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

11

(b)    there were no objections by Direct Purchaser Class members to the requested fee award of one-third of the Settlement Fund, or such objections are overruled;

(c)    Direct Purchaser Plaintiffs' counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Direct Purchaser Class, with no guarantee they would be compensated;

(d)    Direct Purchaser Plaintiffs' counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

(e)    Direct Purchaser Plaintiffs' counsel have reasonably expended over 76,000 hours, and incurred substantial out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

(f)    fee awards similar to the fee requested by Direct Purchaser Plaintiffs' counsel here have been awarded in similar cases, including numerous Direct Purchaser antitrust class actions similarly alleging anticompetitive practices;

(g)    the Settlement achieved for the benefit of the Direct Purchaser Class was obtained as a direct result of Direct Purchaser Plaintiffs' counsel's skillful advocacy;

(h)    the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

(i)    the "percentage-of-the-fund" method is the proper method for

calculating attorneys' fees in common fund class actions in this Circuit (*see, e.g.,* *In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005));

(j)    Direct Purchaser Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Direct Purchaser Plaintiffs' counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

(k)    Direct Purchaser Plaintiffs' counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since December 31, 2012;

(l)    As detailed in Direct Purchaser Plaintiffs' counsel's affidavits, a one-third fee award would equate to a lodestar multiplier of approximately .45. An examination of recently approved multipliers in other Direct Purchaser class actions similarly alleging anticompetitive practices in a medical device market reveals that the multiplier requested here is well within the acceptable range;

(m)    in light of the factors and findings described above, the requested 33-1/3% fee award is within the applicable range of reasonable

13

percentage fund awards.

Accordingly, Direct Purchaser Plaintiffs' counsel are hereby awarded attorneys' fees in the amount of $ 15,000,000.00 from the Settlement Fund, plus one-third of the interest earned on the Settlement proceeds from December 3, 2012 (the date of funding of the Settlement Fund) to the date of payment, at the same net interest rate earned by the Settlement Fund. The Court finds this award to be fair and reasonable.

Further, Direct Purchaser Plaintiffs' counsel are hereby awarded $ 2,266,501.56 out of the Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Direct Purchaser Class obtained in the Settlement to the Direct Purchaser Class.

The awarded fees and expenses shall be paid to Direct Purchaser Plaintiffs' counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Direct Purchaser Plaintiffs' Lead Class Counsel shall allocate the fees and expenses among all of the Direct Purchaser Plaintiffs' counsel.

15. Neither this Order and Final Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by BD, or of the truth of any of the claims or

allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by Direct Purchaser Plaintiffs or BD, whether in this Direct Purchaser Class Action or in any other action or proceeding; nor shall the Settlement Agreement be used or referred to in any subsequent motion for class certification made by any party to this Action.

16.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Direct Purchaser Class.  In addition, without affecting the finality of this judgment, BD and each member of the Direct Purchaser Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion in the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to

such claim or, (b) in the event that such a defense is asserted in that forum, the determination of its merits in that forum.

17.    The Direct Purchaser Class Representatives actively participated and assisted in the prosecution of this case by, among other things, production of documents and electronic data, providing written discovery responses, supplying affidavits, and regular communication with Direct Purchaser Plaintiffs' counsel. Accordingly, Direct Purchaser   Class Representatives (namely   Louisiana Wholesale Drug Company, Inc., Rochester Drug Co-Operative, Inc., JM Smith Corporation d/b/a Smith Drug Company, American Sales Company, Inc., SAJ Distributors, Inc., Dik Drug Company, and Park Surgical Co., Inc.) are each hereby awarded thirty-five thousand dollars $35,000.00 out of the Settlement Fund, for representing the Direct Purchaser Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

18.    In the event the Settlement does not become final in accordance with paragraph 19 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement,

and the Settlement Agreement shall not be used or referred to in any subsequent motion for class certification made by any party to this Action.

19. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Direct Purchaser Plaintiffs and the Direct Purchaser Class against BD in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Direct Purchaser Class members.

**SO ORDERED this** _10_ **day of** _april_ , **2013**

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

17