UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HYPODERMIC PRODUCTS ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO ALL INDIRECT PURCHASER ACTIONS | Master Docket No. 05-cv-1602 (JLL/CCC) <br><br> MDL Docket No. 1730 |

**FINDINGS AND ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONAL CLASS CERTIFICATION APPROVAL OF NOTICE PLAN, AND SETTING A DATE AND TIME FOR THE FAIRNESS HEARING**

Presented to the District Court for preliminary approval is a settlement of the indirect purchaser litigation. The terms of the Settlement are set out in the Settlement Agreement executed by counsel for the Parties on July 30, 2013.[1]

Upon reviewing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification and Approval of Notice Plan and the Declarations of Karin E. Fisch, Esq. and Carla A. Peak and the documents attached thereto, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  <u>Class Certification.</u> The Court preliminarily finds, for settlement purposes only, that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey and any and all other applicable laws have been met as to the "Indirect Purchaser Class" as well as to the "Healthcare-

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

1

Provider Subclass" and the "Non-Contract Buyer Subclass" (the "Subclasses"), each defined below, in that:

    a. The Indirect Purchaser Class and the Subclasses are cohesive and well defined;

    b. The members of the Indirect Purchaser Class and the Subclasses are reasonably ascertainable from records kept by BD and through other forms of notice including publication and direct mail or email, and the members of the Indirect Purchaser Class and the Subclasses are so numerous that their joinder before the Court would be impracticable;

    c. Based on allegations in the Indirect Purchaser Class Actions, there are one or more questions of fact and law common to the Indirect Purchaser Class and the Subclasses;

    d. Based on allegations in the Indirect Purchaser Class Actions, the claims of the Indirect Purchaser Plaintiffs are typical of the claims of the Indirect Purchaser Class and the claims of the Subclass Representatives (defined below) are typical of the claims of the Subclasses they represent;

    e. The Indirect Purchasers Plaintiffs and the Subclass Representatives will fairly and adequately protect the interests of the Indirect Purchaser Class and the Subclasses in that: (i) the interests of Indirect Purchasers Plaintiffs and the Subclass Representatives and the nature of their alleged claims are consistent with those of the members of the Indirect Purchaser Class and the Subclasses they represent; (ii) there appear to be no conflicts between the Indirect Purchaser Plaintiffs and the Subclass Representatives and the Subclasses they represent; (iii) the Indirect

Purchaser Plaintiffs and the members of the Indirect Purchaser Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complicated class actions; and (iv) each Subclass was represented by qualified, reputable allocation counsel; and

  f. The prosecution of separate actions by individual members of the Indirect Purchaser Class and the Subclasses would create a risk of: (i) inconsistent or varying adjudications as to individual Indirect Purchaser Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Indirect Purchaser Class Actions.

  2. Based on the findings set out in paragraph 1 above, the Court preliminarily certifies the following class (the "Indirect Purchaser Class") for settlement purposes only under Federal Rule of Civil Procedure 23(b)(1):

> All persons or entities (and assignees of claims from such persons and entities) in Alabama, Arizona, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, South Carolina, Tennessee , Utah, Vermont, West Virginia and Wisconsin who purchased BD Disposable Hypodermic Products through a distributor, or wholesaler or any other third party other than BD at any time during the Class Period, defined as January 1, 1988 through the date of this Settlement Agreement (the "Class Period"). Excluded from the Indirect Purchaser Class are: BD; BD's parents, subsidiaries and affiliates; United States Government Entities; any person who purchased BD Disposable Hypodermic Products for use on themselves, family members or other non-family member consumers; and those persons or entities who are permitted by the Court to opt out of the Indirect Purchaser Class.

  3. Based on the findings set out in paragraph 1 above, the Court also certifies the following subclasses (the "Indirect Purchaser Subclasses"):

The "Healthcare-Provider Subclass" is defined as:

> All Indirect Purchaser Class members who appear in the "ship to" column of BD's sales data during the Class Period for sales identified in the sales data as "Rebate" or "Non-Contract" sales.

The "Non-Contract Buyer Subclass" is defined as:

> All Indirect Purchaser Class members who do not appear in the "ship to" column of BD's sales data during the Class Period.

4. The Court preliminarily appoints Indirect Purchaser Plaintiffs MedStar Health, Inc., MedStar-Georgetown Medical Center, Inc., Washington Hospital Center Corporation, and National Rehabilitation Hospital, Inc. (collectively, "MedStar") as representatives of the Healthcare-Provider Subclass and Richard L. Wyatt, Jr. and Torsten M. Kracht of Hunton & Williams LLP as counsel for the Healthcare-Provider Subclass for purposes of allocation.

5. The Court preliminarily appoints Indirect Purchaser Plaintiff Drug Mart Tallman, Inc. as representatives of the Non-Contract Buyer Subclass and Karin E. Fisch of Abbey Spanier, LLP as counsel for the Non-Contract Buyer Subclass for purposes of allocation.

6. <u>Preliminary Findings Concerning Proposed Settlement.</u> The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) fair, reasonable, and adequate; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Indirect Purchaser Plaintiffs or segments of the Indirect Purchaser Class or the Subclasses; (v) falling within the range of possible approval; and (vi) warranting notice to Indirect Purchaser Class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the proposed Settlement.

7. <u>Fairness Hearing.</u> A hearing is scheduled for February 5, 2014 at 10 AM (the "Fairness Hearing") to determine, among other things:

   a. Whether the Settlement should be finally approved as fair, reasonable, and adequate;

b.  Whether the Indirect Purchaser Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

c.  Whether the class notice: (i) constituted appropriate notice; and (ii) met all applicable requirements of the Federal Rules of Civil Procedure and any and all other applicable laws;

d.  Whether Indirect Purchaser Plaintiffs' Lead Counsel adequately represented the Indirect Purchaser Class for purposes of entering into and implementing the Settlement Agreement;

e.  Whether the separately-appointed counsel for the Subclasses adequately represented the Subclasses for purposes of negotiating the terms of the allocation of the Settlement Fund.

f.  Whether the plan of allocation as set forth in the Settlement Agreement should be approved; and

g.  Whether the application for attorneys' fees, expenses and incentive fees filed by Indirect Purchaser Plaintiffs' Lead Counsel should be approved.

8.  <u>Notices.</u> Proposed forms of Notice are attached hereto as Exhibit A. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the Settlement; (ii) notifies the Indirect Purchaser Class concerning the proposed plan of allocation and distribution; (iii) notifies the Indirect Purchaser Plaintiffs' Lead Counsel will seek attorneys' fees not to exceed one-third of the Settlement Fund, reimbursement of expenses and incentive fees; (iv) gives notice to the Indirect Purchaser Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Notice may submit a claim, exclude themselves from the Settlement or object to any of the relief requested. The Court directs that,

consistent with the Settlement Agreement, Indirect Purchaser Plaintiffs shall provide Indirect Purchaser Class members with notice of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure substantially in the forms attached hereto as Exhibit A on or before December 4, 2013. At or before the Fairness Hearing, the Parties or their representatives shall file with the Court a proof of timely compliance with the all mailing and publication requirements.

9. <u>Requests for Exclusion:</u> Any member of the Indirect Purchaser Class that wishes to exclude itself from the Settlement must submit a request for exclusion in accordance with the instructions in the Notice, supported by such documents as are designated therein, including proof of the dollar amount of that member's purchases. All requests for exclusion must be submitted to the Claims Administrator retained by Indirect Purchaser Plaintiffs' Lead Counsel by January 3, 2014. Any member of the Indirect Purchaser Class that does not submit a valid request for exclusion will be bound by the terms of the Settlement.

10. <u>Objections to Settlement.</u> Any member of the Indirect Purchaser Class that wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the plan of allocation and distribution as set forth in Section 11 of the Settlement Agreement, to any term of the Settlement Agreement or to the proposed attorneys' fees and expenses may file an Objection. An objector must file with the Court a statement of his, her or its objections, specifying the reasons, if any, for each objection, including any legal support or evidence that the objector wishes to bring to the Court's attention. The objector also must mail the objection and all supporting law and evidence to Indirect Purchaser Plaintiffs' Lead Counsel and to Defendant's Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

**To the Court:**

> Clerk of the Court
> United States District Court for the District of New Jersey
> Martin Luther King Jr. Federal Building & U.S. Courthouse

50 Walnut Street
Newark, New Jersey 17101

**To at Least One of Indirect Purchaser Plaintiffs' Lead Counsel:**

Kenneth A. Wexler, Esq.
WEXLER WALLACE LLP
55 West Monroe, Suite 3300
Chicago, Illinois 60603

Richard L. Wyatt, Jr. Esq.
Torsten M. Kracht, Esq.
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037

**To Defendant's Counsel:**

Moses Silverman, Esq.
Robert Atkins, Esq.
PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the Court so that it is received no later than January 3, 2014. If an objector hires an attorney to object pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than January 3, 2014. Any member of the Indirect Purchaser Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

11.  <u>Appearance at Fairness Hearing.</u> Any objector who files and serves a timely, written objection may appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth the name, address, and telephone

number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Indirect Purchaser Plaintiffs' Lead Counsel and on Defendant's Counsel (at the addresses set out above). The objector must also file the notice of intention to appear with the Court by no later than January 3, 2014. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

12. <u>Service of Papers.</u> If it appears that any objections were not properly served, the Parties shall furnish each other's counsel with copies of any and all such objections that come into their possession promptly after learning of the deficiency in service.

13. <u>Fee Petition.</u> Class Counsel shall file an application for attorneys' fees and expenses no later than December 19, 2013.

14. <u>Motion for Final Approval.</u> Class Counsel shall file a motion for final approval of the Settlement, as well as a memorandum in support thereof and in response to any objections, no later than January 20, 2014.

15. <u>Appointment of Claims Administrator.</u> Kurtzman Carson Consultants LLC is hereby appointed Class Notice and Settlement Claims Administrator in accordance with the terms of the Settlement.

16. <u>Appointment of Escrow Agent.</u> Computershare Trust Company, N.A. is hereby appointed Escrow Agent in accordance with the terms of the Settlement.

17. <u>Injunction.</u> Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, all members of the Indirect Purchaser Class are enjoined from instituting or commencing any action against Released Parties based on the Released Claims,

and all proceedings in the Indirect Purchaser Class Actions, except those related to approval of the Settlement, are stayed.

18. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement, if the Settlement is terminated in accordance with the Settlement Agreement or does not receive final approval. In such event, Section 20 of the Settlement Agreement shall govern the rights of the Parties.

19. **Use of Order.** This Order is entered in compromise of disputed claims and does not reflect admissions of liability of any kind, whether legal or factual by the Released Parties. The Released Parties specifically deny any liability or wrongdoing. The Indirect Purchaser Plaintiffs believe they would have a good chance of prevailing in the event of trial, but settle in recognition of the inherent uncertainty of litigation. Neither the fact nor the terms of this Order shall be construed or used as an admission, concession, or declaration by or against Released Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Released Parties to class certification in the event that the Settlement Agreement is terminated or not given final approval.

20. **Continuance of Hearing.** The Court may in its discretion continue the Fairness Hearing without further written notice.

Dated this 4 day of November, 2013.

_____
The Honorable Jose L. Linares
United States District Court Judge