UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: HYPODERMIC PRODUCTS DIRECT PURCHASER ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO The Consolidated Direct Purchaser Class Actions: | Master Docket No. 05-1602 (JLL) |
| Louisiana Wholesale Drug Company, Inc. (05-1602), Rochester Drug Co-Operative, Inc. (05-1602), JM Smith Corporation (05-1602), Dik Drug Company (05-4465), SAJ Distributors, Inc. (05-5891), American Sales Co. Inc. (06-1204), and Park Surgical Co., Inc. (06-1205) | ORDER |

This matter having come before the Court on Becton's motion to seal portion of Exhibits B and C to the Affidavit of Michael Rosenbaum in Support of Direct Purchaser Class Plaintiffs' Motion for an Order Authorizing Distribution of the Net Settlement Fund ("Rosenbaum Affidavit") [ECF No. 492];

and no opposition to the motion having been filed;

and the Court of Appeals for the Third Circuit recognizing that the First Amendment as well as common law guarantee the right of public access to judicial proceedings and judicial records, Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) (holding "the public and the press possess a First Amendment and a common law right of access to civil proceedings; indeed, there is a presumption that these proceedings will be open");

and the Court of Appeals for the Third Circuit recognizing that the common law "right to inspect and copy, sometimes termed the right to access, antedates the Constitution" and has been

justified by the public's right to public documents and to open courts, "which has particular applicability to judicial records," United States. v. Criden, 648 F.2d 814, 819 (3d Cir. 1981) (citations omitted);

and the Court of Appeals for the Third Circuit applying the First Amendment guarantee to access to civil trials because civil litigation "plays a particularly significant role in the functioning of the judicial process and the government as a whole," Publicker, 733 F.2d at 1070 (quoting Globe Newspaper Co. v. Sup. Ct. of Norfolk Cnty., 457 U.S. 596, 606 (1982));

and public access to civil trials ensuring the integrity of the fact-finding process, fostering an appearance of fairness, and heightening public respect for the judicial process by allowing the public to serve as a check upon the judicial process, id.;

and the filing of materials with the Court in conjunction with formal motion practice creating a presumption that such materials are part of the public record and subject to public access, see Comment to L. Civ. R. 5.3(c)(3); Bank of Am. Nat'l Trust and Savs. Ass'n v. Hotal Rittenhouse Assoc., 800 F.2d 339, 346 (3d Cir. 1988) (holding confidential settlement agreement submitted to the court to resolve dispute related thereto became part of the public record);

and Local Civ. Rule 5.3(a)(4) codifying this presumption and providing that "[s]ubject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed";

and the Court noting that the presumption of open access may be rebutted because "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978));

and in determining whether or not the parties have met their burden of overcoming the presumption of open access "[a] trial court must satisfy certain procedural and substantive requirements . . . ." Publicker, 733 F.2d at 1071;

and the Court of Appeals for the Third Circuit setting forth these requirements as follows:

> [p]rocedurally, a trial court in closing a proceeding must both articulate the countervailing interest it seeks to protect and make findings specific enough that a reviewing court can determine whether the closure order was properly entered. Substantively, the record before the trial court must demonstrate an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.

Id., at 1071(citations and internal quotation marks omitted); see also In re Cendent Corp., 260 F.3d 183, 194 (3d Cir. 2001) (holding "the party seeking closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure") (citations and internal quotation marks omitted);

and the party seeking to seal court materials being required to show that the interest in secrecy outweighs the presumption of access;

and the party seeking to seal being required to articulate a specific injury that public access will inflict, and to demonstrate why the interest in preventing said injury outweighs the "strong common law presumption of access . . . ." In re Cendent, 260 F.3d at 194; Zurich Am. Ins., Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 503 (E.D. Pa. 2004);

and if the Court finds sealing the record is appropriate, then the "court should articulate the compelling countervailing interest to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested parties to be heard," id. (quoting Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994));

and Local Civil Rule 5.3(c) codifying these requirements and requiring that a party seeking an order sealing or otherwise restricting public access to Court proceedings or materials filed with the Court must file a motion that describes:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

L. Civ. R. 5.3(c)(2);

and Local Civil Rule 5.3 further requiring that once the movant identifies the legitimate or compelling interest, the Court must weigh that interest against the strong presumption of public access, see Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 167 (3d Cir. 1993) (vacating district court's order sealing judicial materials, in part, because the court failed to articulate a particularized weighing of interests with respect to each document for which a sealing order was sought);

and if sealing order is warranted, then the Court must inquire whether or not a "less restrictive alternative to the relief sought is appropriate," L. Civ. R. 5.3(c)(2);

and the Court having considered the materials at issue under this standard;

and the Court finding that the information Becton seeks to redact, specifically portions of Exhibits B and C to the Rosenbaum Affidavit: (1) constitute highly sensitive and confidential information relating to Becton's business practices; (2) the disclosure of this information may harm Becton's business and result in serious competitive injury; and (3) no less restrictive alternative is available;

IT IS on this 10th day of March, 2014,

ORDERED that Becton's motion to seal [ECF No. 492] is **GRANTED**; and it is further

ORDERED that the materials currently under seal [ECF No. 486-1] shall remain filed under seal.

                                       s/ *Michael A. Hammer*_____
                                       **UNITED STATES MAGISTRATE JUDGE**